## PETER G. MOURAIN et al. v. CHARLES POYDRAS, Executor.

Where the testatrix died in France, charging by will immovable property in Louisiana with the payment of certain legacies, and the property was not sufficient after the payment of the debts to discharge those legacies in full, *Held :* That as there was nothing which required that the debts contracted in Louisiana should be paid out of the property situated in this State, the legacies should be paid in full out of the property here, leaving the debts to be paid out of the property left by the testatrix in France.

The practice of remitting the funds belonging to a succession to a foreign country to be distributed in the course of administration there, is a matter of discretion in the courts of this country, and depends upon the established comity of nations. But where there are creditors and parties in interest seeking to enforce their rights here, our courts have the power of enforcing those rights on the property within their jurisdiction.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J.  *T. J. Cooley*, for plaintiffs.  *A. Provosty*, for defendant.  The judgment of the court was pronounced by

EUSTIS, C. J.  This is an appeal taken by the defendant, *Charles Poydras*, dative testamentary executor of *Mme. Bonneau*, from a judgment of the Court of the Ninth District, by which he was ordered to retain in his hands the funds produced by the sale of the property of the succession of *Mme. Bonneau* in this State, a sum sufficient to satisfy a legacy in the last will of the deceased in favor of *Marie Victorine Mourain*, of the sum of forty thousand francs, until the said legacy should become payable.

*Mme. Bonneau* resided at Nantes in France; she died there on the 3d of February, 1846, leaving a large estate and a plantation and slaves in the parish of Pointe Coupée, in this State.  Her last will contained several legacies which were to be paid out of her Louisiana property.  That which gives rise to the present suit is contained in the fifth clause of the will, and is to this effect:  " I

bequeath to *Miss Marie Victorine Maurain*, my grand-niece and god-daughter, residing in Louisiana, a sum of forty thousand francs, which shall be paid out of the proceeds of the movable and immovable property, which I may possess at the day of my death in Louisiana, and not out of any of my property in France. My succession shall only deliver this sum to the said *Marie Victorine Maurain* at her majority, or on her marriage, if it should take place before she shall have attained the age of majority. My succession shall be charged with it until then. This sum shall produce interest from the day of my decease, which may be received by the father and mother of my legatee until the time for the delivery of the principal."

The father and mother of the legatee, who is a minor, have instituted this suit. The succession of the testatrix was opened in France. All her heirs and legatees, except *Miss Maurain*, reside there. The property in Louisiana, consisting of lands and slaves, must be considered as all immovable; the value of the movables being too small to require notice.

*Poydras*, the defendant, obtained his appointment of dative testamentary executor of the deceased, as attorney in fact of the heirs, under the 1038th article of the code, which requires the judge, on application for the administration of a succession, to give a preference to the attorney in fact of the absent heirs over the creditors.

The property of the succession, after having been inventoried, was sold according to the forms of law. After the payment of debts, a sufficient sum is not left in the hands of the executor to pay all the legacies which are required to be paid out of the Louisiana property; and it is contended that they are consequently to be reduced *pro rata*. This question necessarily leads to an inquiry as to the principles upon which this court must act in determining on the matters submitted for its decision.

In relation to the power of the court to direct the funds of this succession to be retained or remitted for distribution, under the sanction of the tribunals of the domicil of the testatrix, we consider there can be no question. Its exercise is a matter of discretion depending on the circumstances of each case, and on the established comity prevailing between nations in amity with each other. In pursuance of this comity, the funds of the successions of foreigners have been remitted to their representatives abroad, in cases in which there were no creditors or parties in interest asserting their rights in our courts. *Gravillon* v. *Richard's Executor*, 13 L. R. 299. But the power of courts in this country to enforce these rights on the property of the foreign succession within their jurisdiction, we belive has always been maintained. *Harvey* v. *Richards*, 1 Mason, 381. *Dawes* v. *Head*, 3 Pickering, 143. *Gravillon's* case cited.

This case does not present any difficult or intricate questions growing out of the conflict of laws. The will itself furnishes a guide which will enable us to secure effectually the rights of all the parties in interest.

We have stated that the proceeds of the Louisiana property have been reduced by the payment of debts, so that there are not sufficient means in the hands of the executor to satisfy the legacies with which the Louisiana property was charged by the will. This deficiency must be made good by the succession in France. The debts of the succession ought to be paid by the funds of the succession; there is nothing in the will which subjects the Louisiana property exclusively to the debts contracted here; the creditors here can exact the payment from the proceeds of the property in this State, but the legacies charged upon that property must be paid without reduction. In this state of things, the

property upon which the legacies were charged, having been invested in money, as we are bound to consider it, at the instance of the heirs of the testatrix, it is no more than a just protection of the interests of the legatee, who is a minor and residing in this State, at the domicil of her parents, to direct the retention of the funds appropriated to the payment of her legacy within our jurisdiction.

The other legatees, whose legacies are to be paid from the Louisiana property, reside in France, and have not been made parties to this suit. As the succession in France is rich, their right cannot be jeoparded by the retention here of the whole amount of the legacy in favor of the party before us.

If the heirs were to come prepared, and offer good security for the payment of the legacy and interest, the funds might be delivered to them and the whole succession be liquidated under the direction of the tribunal at Nantes. The arguments of the counsel for the executor would then be applicable; but without that security for the rights of the legatee, this court is under no obligation of law, conscience or amity, to direct the delivery of the funds unconditionally to the heirs, after they have changed for their benefit the original security which the immovable property of the Louisiana succession afforded her for the ultimate payment of her legacy.

It is the duty of all the parties, under the direction of the district court, to see that this fund be judiciously invested, with mortgage security on landed property until the legacy becomes payable by the terms of the will. We do not go out of the case to give directions on this subject, inasmuch as we have no reason to question the good faith of those who have the control of the funds, and think that the interests of the minor will be safe under the protection of the court where the law has placed them.

The interest of the fund, we think, under the terms of the will, is payable to the parents of the minor; but we cannot provide for its payment by a formal decree in this case.

The judgment of the district court is therefore affirmed, with costs.