No. 12,866.

MRS. ANTOINETTE THORMANN, ADMINISTRATRIX, VS. THEODORE
BRODERICK.

51 1747
s52 1299

SYLLABUS.

Where it appears that the matters at issue in a cause pending before this court are involved in litigation arising in another State between, practically, the same persons, and such litigation so originating in the other State has been decided finally by the Supreme Court of that State and thence carried, by writ of error, to the Supreme Court of the United States, the decision of

the cause here will be postponed to await the determination of the contro-
versy by the Supreme Court of the United States, or its action on the writ
of error.

A PPEAL from the Civil District Court for the Parish of Orleans;
*King, J.*

*R. Howard McCaleb* for Plaintiff and Appellee.

*Buck, Walshe & Buck, Darl & Kernan* for the Defendant and Ap-
pellant.

Argued and submitted December 5th, 1898.
Opinion handed down June 12th 1899.

The opinion of the Court was delivered by
BLANCHARD, J.    Plaintiff brings this suit in the capacity of Admin-
istratrix of Joseph Fabacher, deceased.

After alleging her appointment and qualification as such, she avers
it to be "among the duties and functions" devolving upon her as
administratrix "to get in and collect all the debts due and owing
thereto."

She then sets forth that defendant is indebted to the succession in
the sum of $7000, with interest and costs and attorney's fees, by reason
of two promissory notes, drawn to his own order and by him endorsed,
each for the sum of $3500, which she avers to be due and unpaid and
secured by mortgage on certain property in the City of New Orleans.
which is described—which mortgage had been executed in favor of
Joseph Fabacher, and any future holder of the notes.

She represents that although the ownership of the notes is vested
in the Succession of Joseph Fabacher, the notes themselves are not
in her possession, or under her control, but are outside of the limits
of the State, having been removed by some unauthorized person in a
manner unknown to her, after the death of said Fabacher, and after
their maturity.

Averring that she alone is authorized and vested with power to sue
for, collect, receive and grant acquittances for the amount due on the
notes, she prays judgment in her favor as administatrix against de-
fendant for the sum due, with recognition of mortgage, etc.

On the face of this declaration the action seems plain and simple

enough. But the record discloses that under its guise is presented the far-reaching question of conflict of jurisdiction between a State Court here and a State Court in another of the Commonwealths of the Union.

Joseph Fabacher died in New Orleans on March 3, 1897. On the side of the plaintiff it is claimed he was, at the time, a resident of Louisiana and had been for many years. On the side of defendant it is claimed he was temporarily only sojourning in New Orleans at the time of his death, that his residence was in Waukesha, Wisconsin, and had been for about two years prior to his decease.

On the 27th day of March, 1897, a petition was presented to the County Court of Waukesha County, Wisconsin, by A. J. Frame, alleging the death of Fabacher, his residence at the time in Waukesha, his possession in that City of an estate in personal property of the value of $65,000 and in realty of $2500; that he left a last will wherein he named the said Frame as executor; and that the family surviving him consisted of his widow, Magdelina Fabacher, and eleven children, all of age, except two.

He prayed for the probate of the will and for letters testamentary to himself as executor.

Three days later, to-wit: On March 30, 1897, the present plaintiff presented a petition to the Civil District Court, Parish of Orleans, alleging the death of Fabacher, that he was her father, that he resided in New Orleans at the time of his death and for many years before, that he left property within the jurisdiction of the Court, that she was the sole surviving heir and legitimate child of the deceased, issue of his union with her mother, Mary Frey, under a marriage celebrated in the year 1850, and that Mary Frey, subsequently, to-wit:—in January 1874, obtained a decree of divorce from her father. She represented she desired and was entitled to be appointed administratrix of his succession. She did not aver that the dead man left debts to be paid, nor did she aver he died intestate, though her application for appointment as administratrix proceeded upon that hypothesis.

She prayed for an inventory and appraisement, that an attorney for absent heirs be named, and for her appointment and confirmation as administratrix.

No one opposed her application and in April, 1897, a decree appointing her administratrix was entered. She qualified as such April 30, 1897.

An inventory was taken and the only property returned was a cemetery lot, tomb, etc., valued at $3500. It was claimed, however, that some furniture and household effects in a house on Calhoun street, New Orleans, belonged to the deceased. An effort was made to inventory same. This was resisted by the widow on the ground that same belonged to her son. Subsequently, under the order of court, these effects were inventoried and appraised at $1381.70.

Shortly after becoming the administratrix in Louisiana, Mrs. Thormann appeared before the County Court in Waukesha, Wisconsin, and made opposition to the probate of the will there. This will had been made by Joseph Fabacher in that State and pursuant to its laws. He had deposited same in a safe deposit vault in Waukesha, where it was found after his death, together with bonds of the City of New Orleans and other securities, constituting his personal estate, among them the two notes of Broderick forming the basis of this suit.

In her opposition to the probate of the Wisconsin will, Mrs. Thormann, in her individual capacity, averred herself to be the daughter and sole heir of Joseph Fabacher. She set forth the marriage of her parents, their subsequent divorce, charged the illicit connection of her father with Magdelina Frey, the birth of children of that union, all of whom, save one, were named as legatees in the will. She showed that after the divorce which her mother had secured, her father married Magdelina Frey and thereafter three children were born of the union, all of whom were named as legatees in the will. She alleged that continuously from 1843 to the time of his death, her father was domiciled in the City of New Orleans, was a resident and inhabitant there, that in consequence the Wisconsin court was without jurisdiction to probate the will, or in the matter of the settlement and distribution of the estate in Wisconsin.

She charged that the attempt on part of Joseph Fabacher to acquire a domicile in Waukesha was made with a fraudulent purpose and intent of depriving her of her legitimate and hereditary rights as his sole heir at law.

She charged, further, "undue influence" over her father in the matter of the execution of his will, by Magdelina Fabacher and other persons and beneficiaries, and averred the will was not executed in the manner and form required by law.

The will, itself, was dated October 29, 1896. Waukesha was the

place of its execution, and the maker thereof declared himself in the instrument to be a citizen of Waukesha.

To Magdelina, whom he refers to as his "beloved wife," he bequeaths the income from $20,000 four per cent New Orleans City bonds. To his brother in France, an annuity of two hundred dollars as long as he should live, and $100 additional at his death to provide for his funeral expenses. The remainder of his property he bequeathed to ten of his twelve surviving children, naming them, and they were to have, too, the $20,000 City bonds upon the death of his wife—she to be paid the income from same during her life as above set forth.

The decision of the County Court of Waukesha County, handed down Sept. 1, 1897, was against Mrs. Thormann on her opposition to the probate of the will. It held the instrument propounded for probate to be the last will and testament of Joseph Fabacher, that it was duly executed in all particulars as required by law, that Joseph Fabacher, while dying in New Orleans, was, then, only temporarily sojourning there, that at the time of his death he was domiciled in and an inhabitant of the County of Waukesha, that he left personal estate in Waukesha to be administered of the probable value of $65,000, that he was of sound mind when he made the will, was competent to dispose of his estate, was under no restraint, and that the will is genuine and valid.

Its probate was ordered and Andrew J. Frame, who was named in the will as executor, was recognized as such. He duly qualified according to the laws of that State, and letters testamentary were issued to him.

From this judgment Mrs. Thormann prosecuted an appeal to the Circuit Court of Waukesha County, where the issues were tried de novo and before a jury as prayed for by her.

On all the grounds of contest advanced by her, the decision was, here, also against her. With regard to the place of residence of Joseph Fabacher, the court decreed he had acquired a domicile in Waukesha on the 20th day of June, 1895, and continuously thereafter, down to the time of his death, retained the same there. And the court further decreed that prior to the making of his will Joseph Fabacher had, on the 30th of September, 1895, and while so domiciled at Waukesha, duly and legally married, in the City of Milwaukee, Magdelina Frey, and had in his lifetime, and subsequently to said marriage, duly and severally recognized his children, the offspring of his

union with Magdelina Frey prior to the marriage aforesaid, and that they were, at the time of his death, his legitimate and duly legitimatized children and heirs at law. The decree also recognized Antoinette Thormann as a child of a former marriage and likewise an heir at law, and that while she and one of the sons of the second marriage were not mentioned in the will as beneficiaries, or legatees, the omission was not by mistake or inadvertence on his part.

From this decision of the Circuit Court, the contestant, Mrs. Thormann, appealed to the Supreme Court of Wisconsin, and that tribunal did, on April 26, 1899, hand down an opinion and final decree affirming the judgment of the Circuit Court, with the exception that the court held the question of legitimatizing the children who were citizens of Louisiana, born of the union of Joseph Fabacher and Magdelina Frey, prior to their marriage in Wisconsin on Sept. 30, 1895, was not properly involved in determining whether the will should or should not be admitted to probate. "True," says the court on this point, "the contestant presented that issue, and so the trial court determined the same against her. But it was foreign to the probate of the will. While the Legislature of Wisconsin may properly regulate the status of citizens of this State, we do not understand that it has any power to prescribe the status of citizens of other states. Cook vs. Cook, 56 Wis. 195; St. Sure vs. Lindsfelt, 82 Wis. 351; State vs. Ducket, 90 Wis. 276 * * * * Being a resident of this State and domiciled therein, the testator had the legal right, under the law of Wisconsin, to dispose of his property, real and personal, as he pleased, and to whom he pleased, so long as he infringed no law of the State. He had the legal right, therefore, to devise and bequeath his property to his children by name, as he did, whether they were legitimate or illegitimate. So far as the judgment in form attempted to legitimatize the adult children who resided in and are citizens of Louisiana, we must hold that it was extra-judicial and inoperatve."

From this judgment of affirmance a writ of error on behalf of Mrs. Thormann has been applied for and granted by one of the Justices of the Supreme Court of the United States, and, accordingly, the Wisconsin litigation over the Fabacher estate may be considered pending in that tribunal.

As the issues on the merits of the controversy now before us are involved in the cause so pending, we have determined to permit the

case at bar to rest undisposed of in this court until final decision is had in the Supreme Court of the United States.

In reaching this conclusion we are not to be understood as passing upon, or in any way determining, any matter of assertion by plaintiff, and of defense by defendant, raised herein, not involved in the merits of the Wisconsin litigation as the same is pending before the Supreme Court of the United States.   As to all such matters opinion is reserved.

It is ordered, therefore, that the final determination of this cause be postponed to await the judgment of the Honorable the Supreme Court of the United States in the matter of the writ of error granted, on application of Mrs. Antoinette Thormann, to the Supreme Court of Wisconsin in the cause entitled Andrew J. Frame et al., Respondents, vs. Antoinette Thormann, Appellant, lately pending in said Supreme Court of Wisconsin.