The opinion of the court was delivered by
Blanchard, J.
The original opinion was handed down in June, 1899. See 51 La. Ann. 1747.
In February, 1900, the Supreme Court of the United States decided finally the cause pending before it on writ of error to the Supreme Court of Wisconsin, referred to in the opinion.
The cause, in the Supreme Court of the United States, had taken the title of “Antoinette Thorman, Plaintiff in Error, vs. Andrew J. Frame and Magdalena Fabacher and Joseph Fabacher, Minors, by D. S. Tullar, their Guardian ad litem,.'”
The judgment of the Wisconsin Supreme Court was affirmed.
A copy of the opinion and decree- of the Supreme Court of the United States having been filed here, the cause, -as pending before this court, was submitted for final determination.
The result of the litigation in the courts of the State of Wisconsin and in the Supreme Court of the United States is to establish judicially that Joseph Fabacher was at the time of his death, March 3, 1897, domiciled'in the County of Waukesha, State of Wisconsin; that being a resident thereof, he had the legal right, under the law of Wisconsin, to dispose by will of his property, real and personal, situated in that jurisdiction as he had done; and that the Court -of Wisconsin which admitted his will to probate and recognized and confirmed Andrew -I. Frame of that State as executor thereof, is seized *1300 of jurisdiction of the estate, real and personal, of the testator found there at the time of his death.
' Among- the effects constituting- his personal estate in Wisconsin at the time of his death, were- the two notes made the basis of plaintiff’s action herein.
It follows t-hat the Wisconsin executor had the legal right to collect, as he has done, the notes from, the defendant Broderick, and to give the latter full acquittance therefor.
This being so, it follows, further, that he can not be made to pay the notes a second time to the plaintiff herein, and that the latter has no cause of action against him thereon.
For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and'that plaintiff’s demand be rejected at -the costs of the appellee.