O’NIELL, J.
The judgment of the Court of Appeal, on the only issue decided in this case, is based entirely upon the testimony of *981 three nonresident witnesses whose depositions were taken under commission, hut were not introduced in evidence on the trial of the ease. The depositions were left in the record, which was sent up from the district court to the Court of Appeal, and, although the Court of Appeal observed that the depositions had not been offered in evidence, the court reviewed the testimony of the witnesses, and based its decision thereon, under the supposed authority of the rulings in Poston v. Adams, 5 Mart. (O. S.) 272; Berthole v. Mace, 5 Mart. (O. S.) 592; Hunter v. Smith, 5 Mart. (N. S.) 179; McKerall v. McMillan, 9 Rob. 19; and Burckett v. Hopson, 19 La. Ann. 490.
The rulings in the cases cited do not maintain the right of an appellate court to consider as evidence in a case depositions that were taken under commission, but were not offered in evidence on the trial of the ease. The ruling in Poston v. Adams was merely thai. the answers to interrogatories propounded by one party to another party to the suit are admissible as evidence in favor of the party to whom the interrogatories were propounded, even though they might not be admissible in favor of the party who propounded them. The reason for the rule is that answers to interrogatories on facts and articles form part of the pleadings, and are binding upon the party who has propounded them. The decision in Berthole v. Mace is to the effect that a plaintiff who has propounded to the defendant interrogatories on facts and articles cannot object to the defendant’s introducing his answers in evidence in his favor, on the ground that they are self-serving declarations. The ruling in McKerall v. McMillan, and in Burckett v. Hopson, was that answers to interrogatories on facts and articles were not required to be formally offered in evidence on the trial of the case, because, under the law, they formed part of the pleadings. There is no such rule with regard to depositions, taken under commission, of witnesses who are not parties to the suit.
[1] The defendants, against whom the judgment was rendered by the district court and affirmed by the Court of Appeal, reserved certain objections to the interrogatories, before adding their cross-interrogatories thereto, and they reserved the right to urge further objections on the trial of the case, if the depositions should be offei’ed in evidence by plaintiff. As the depositions were not offered in evidence, there was no occasion for the district judge to rule upon defendants’ objections to the depositions, nor opportunity for defendants to urge further objections. The district judge could not have admitted the depositions in evidencé without first having ruled upon the objections which were or might have been urged to their introduction in evidence. Verret v. Bonvillian, 32 La. Ann. 29.
[2] The general rule applying to this ease, is that an appellate court, reviewing a judgment of a court of original jurisdiction, should not consider as evidence in the case any document that does not form a part of the pleadings, and was not offered in evidence on the trial of the case. Succession of Jackson, 30 La. Ann. 463; Succession of Forstall, 32 La. Ann. 97.
We do not express an opinion as to whether the judgment rendered by the civil district court and affirmed by the Court of Appeal should be sustained on the evidence that was introduced on the trial. The Court of Appeal did not decide that question.
The judgment of the Court of Appeal is annulled, and it is ordered that this case be remanded to the Court of Appeal for further proceedings not inconsistent with the foregoing opinion.