LECHE, J.
The petitioners in this case are (1) Millie Guillard, widow by first marriage of John Tarleton, and widow by second marriage of John Baptiste, acting for herself and her minor grandchild; (2) Harrison Tarleton; (3) Florence v Baptiste, widow of Johnson; (4) Ella Baptiste, widow of Moseley ; and (5) Corine Rodix, widow of John Baptiste, acting for her two minor children. The allegations are substantially that on August 1, 1891, two certain lots of ground situated in the city of New Orleans were acquired in the name of Ernest Tarleton; that said Tarleton was at the time acting for Millie Guillard, the |irst-named petitioner;, that the purchase price of said property was paid entirely by her, the said first-named petitioner; that said acquisition was really made by her, and title should have been made in her name; that said Ernest Tarleton, who was the son of petitioner Millie Guillard by her first marriage, however, did fraudulently and deceitfully cause said title to be made in his own name, and left his mother, the first-named petitioner, who is illiterate, under the false impression that the title to said property was in her name, and that she remained under that false impression until recently and after the death of her said son, which occurred on June 18, 1920. The petition further avdrs that Millie Guillard went into immediate possession of said property, and caused improvements to be erected thereon; that she occupied the premises with her children as a home; that her son Ernest Tarleton was married to defendant Octavia Darensbery, in 1897, and with his wife also occupied said premises jointly with his mother as a home; that differences arose between Millie Guillard and her son Ernest Tarleton; that, being unable to induce her said son and his wife to leave: *476 the premises, Millie Guillará moved out, and Ernest Tarleton remained on the premises, paying taxes and insurance alleged to be in lieu of rent; that, after the death of Ernest Tarleton; his widow who is defendant, continued to occupy the premises, and is now in possession of the same.
From these allegations of fact the petitioners conclude that Millie Guillará should be recognized and declared to be the real owner of said property.
The petitioners then in the alternative and in case the court should fail to grant that relief, allege that they are the owners of said property in indivisión for having acquired the same by inheritance from the said Ernest Tarleton, and in the alternative they pray accordingly.
To this petition defendant filed an exception, in which she pleads no right or cause of action and the prescription of 30 years.
The trial court maintained the plea of 30 years’ prescription, and plaintiffs have appealed.
The exceptions were heard, according to the copy of the minute entries, on June 22, 1922. There is no note of evidence in the record, but there is contained therein what purports to be a certified copy of an act of sale under which Ernest Tarleton acquired the property on August 1, 1891, and which is marked “filed June 27, 1922,” several days after the exceptions were submitted for decision. Eor the purposes of the present appeal this document cannot be considered in deciding the issues here involved. It forms no part of the record. Wilkin-I-Iale State Bank v. Tucker .et al., 148 La. 982, 88 South. 239.
According to the terms of the judgment rendered, the trial court did not pass upon the exception of no cause of action, and, as we believe that the other exception based upon the prescription of 30 years was improperly sustained, thus necessitating the remanding of the case, we see no good reason t(^ consider it at this time as an original plea filed in this court. The trial court may yet either overrule it or sustain it as to one or both of the alternative demands in the petition.
Defendant’s plea of prescription was presumably submitted on the face of the pleadings, as there is nothing to show that any evidence was offered or adduced on the trial thereof. Neither of the parties objected, so far as the record discloses, to this manner of proceeding, and we must therefore conclude that the judgment maintaining the plea was rendered on the facts alleged in the petition. The facts so alleged are that plaintiff was in possession through herself from August 1, 1891, to some time after the marriage of her son in 1897, and that she was in possession through her son up to the time of his death in the year 1920. It is therefore impossible to conceive how the prescription of 30 yeárs could have accrued against Irel- and in favor of her son. This prescription, known as usucapion, only defeats the right of the real owner when it has completed its course of 30 years and created or transferred that right in the possessor. N° such condition can be deduced from the allegations of the petition in this case, and the plea as presented must therefore be overruled.
It is therefore ordered that the judgment appealed from be avc/ided and set aside, and this cause remanded to the trial court to be further proceeded with according to law and the views herein expressed, defendant to pay costs of appeal, and other costs to be taxed as may finally be determined.