No. 9691.

Orleans Appeal.

WILKIN HALE STATE BANK, Appellant,
v. A. S. TUCKER, ET AL.

(February 16, 1925, Opinion and Decree.)
(March 16, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal—Par. 736.**
When by judgment of the Supreme Court a case is remanded to the District Court for trial of specified issues, no other issues can be examined by the District Court.

2. **Louisiana Digest, Executors and Administrators—Par. 395.**
The liquidator of a corporation in another State has authority to receive payment of a note due by a resident of this State.

3. **Louisiana Digest, Corporations—Par. 300; Executors and Administrators—Par 394.**
In the absence of creditors in this State the courts of this State may recognize the right of a liquidator appointed in another State to sue in the courts of this State for the payment of a note due to the insolvent.

Appeal from Civil District Court, Hon. Sam LeBlanc, Judge.

This is a suit to collect promissory notes.

Judgment for defendant. Plaintiff appealed.

Judgment reversed.

Merrick & Schwarz, Morris B. Redmond, attorneys for plaintiff and appellant.

Miller, Miller & Fletchinger, attorneys for defendant and appellee.

CLAIBORNE, J. The odyssey of this protracted litigation, if not edifying, is instructive. The narration of it is as follows:

On February 24, 1917, the defendants, A. S. Tucker and Joseph St. Mary, made three promissory notes of $500 each, dated Oklahoma City, payable on August 24, September 24, and October 24, 1917, with ten per cent per annum interest from maturity till paid, according to the laws of the State of Oklahoma, and $25 for attorney's fees on each of said notes, all payable to the order of Pruiett, Day, and Sniggs, of Oklahoma.

The notes were endorsed "Pay to the order of Wilkins Hale State Bank", signed "Pruiett' Day, and Sniggs by Norman Pruiett".

The plaintiff acquired said notes as collaterals from Norman Pruiett before their maturity. The notes were not paid at maturity.

On April 1, 1918, the plaintiff filed suit against the makers of said notes, defendants herein, in the Civil District Court for the Parish of Orleans.

The defendant, St. Mary, admitted signing the notes but denied any liability for the following reasons:

He averred that all of said three notes had originally been delivered to Pruiett, Day, and Sniggs, a firm of lawyers at Oklahoma City, under the following circumstances: The defendant, St. Mary's, brother had been charged in said State with an infraction of the criminal laws of the State; that A. S. Tucker, authorized by the defendant, St. Mary, made a contract with said lawyers to render all legal services necessary in the defense of the accused in all the courts and to defray all the expenses of said defense, and that Pruiett was to give his personal attention to the case; that the consideration of said contract was $2,500, whereof $1,000 were paid by sight draft, and the remainder in the three notes hereinabove described; that several days prior to the trial of the case defendant was requested to make advances in money said by Pruiett to be necessary to be used in the defense of the case; that he advanced $600, and later, on June 6,

1917, made a further advance of $935.55, aggregating $1,535.00; that defendant did not require the production of the notes for the purpose or having a proper credit indorsed thereon and which he had thus overpaid to the extent of $35; that the negotiation of said notes, if really made, was a fraud upon the defendant inasmuch as said notes had been paid; that therefore defendant specially denies "that plaintiff is a holder in due course of said notes". Defendant prayed for trial by jury.

The defendant, Tucker, admitted that he signed the notes sued on, but denied any liability thereon, and adopted in his own behalf the special defenses urged by his co-defendant, Joseph St. Mary; and he also prayed for trial by jury.

The plaintiff issued a commission to take the testimony of the three attorneys, Pruiett, Day, and Sniggs, and of R. H. Wilkin and John M. Hale, Vice-Presidents of plaintiff bank, and J. E. Thurmond. The commission was executed, returned, and filed in the record, but for some reason the interrogatories and answers of Pruiett, Day, and Sniggs were not offered in evidence.

The plaintiff offered in evidence the three notes sued on, and they were introduced and filed in evidence over defendant's objection "that there is no evidence to prove the endorsement of the payee on the notes."

There was a verdict and judgment in favor of plaintiff bank and against the two defendants *in solido* on February 2, 1920.

After an ineffectual application for a new trial both defendants appealed to this court.

Their defense was: 1st, that there was no proof of the indorsement of the three notes by the payees, Pruiett, Day, and Sniggs; 2nd, that the three notes were pledged by Pruiett to secure his individual indebtedness to the plaintiff which he had no right to do; and 3rd, that there was no proof of his authority to act as he had done.

On November 22, 1920, this court affirmed the judgment under No. 7872.

This court held that it could take cognizance of the interrogatories and answers of the three attorneys, although not specifically offered in evidence, and that their testimony established that Pruiett had endorsed the three notes and pledged them with their knowledge, consent, and approval.

From this judgment the defendants obtained a writ of review from the Supreme Court.

On April 4, 1921, the Supreme Court decided that the Court of Appeal erred in considering the depositions which had not been offered in evidence, and reversed its judgment and remanded the case to the Court of Appeal. Wilkin-Hale State Bank vs. Tucker, 148 La. 980; 88 South. 239.

On October 31, 1921, this court came to the conclusion that the plaintiff had come in good faith in possession of the three notes sued on, on March 12, 1917, before their maturity, as a pledge by Pruiett to secure a personal loan to himself, and that no subsequent payments made by the defendants to Pruiett, Day, and Sniggs could affect plaintiff's rights. But inasmuch as the Supreme Court had reversed the judgment upon the ground that the evidence upon which this court had acted had not been offered in evidence and should not have been considered, this court "remanded the case to the court below for a new trial to receive evidence to show the authority of Pruiett. From this decision a rehearing was granted.

On February 26, 1923, this court decided that the signature of Pruiett made proof of itself and did not require any evidence and again affirmed the judgment of the District Court. A new trial was refused.

The defendants took this judgment again to the Supreme Court by writ of error.

By a decree rendered April 17, 1922, the Supreme Court reversed the Court of Appeal and rendered judgment rejecting plaintiff's demand.

On a rehearing the Supreme Court remanded the case to the Civil District Court to receive evidence on the question whether Moman Prueitt had authority to indorse and negotiate the notes in his firm's name, and for a new trial on that issue. Wilkin-Hale State Bank vs. Tucker, 153 La. 47; 95 South. 396.

The case was tried a second time before the District Court and a jury on April 10, 1924, and a verdict and judgment were rendered against the plaintiff. It has appealed, and the case is now before us for the fourth time.

On May 7, 1923, Joe H. Strain, styling himself Bank Commissioner for the State of Oklahoma, by motion, represented to the court that the plaintiff bank was in liquidation and that in his official capacity he had taken possession of the books and assets of the bank, and asked to be made a party plaintiff in the suit. He annexed to his motion a certificate of the Governor of Oklahoma that he (Strain) was such Bank Commissioner. In answer to interrogatories Prueitt, Day, and Sniggs also state that the plaintiff bank is in liquidation and they recite Sec. 4167 of the Revised Statutes of Oklahoma giving the Commissioner authority to collect the assets of the bank.

The defendants objected to this answer on the ground that to the extent the witness assumes to show that the Wilkin Hale State Bank is in course of liquidation through a Bank Commissioner of Oklahoma, his statement is hearsay and is not the best evidence, in fact, is no evidence at all. Upon this objection the court entered the following order: "The objection is sustained inasmuch as the court considers that there is no proper showing made by Joseph H. Strain, who appeared in this case as one of the parties plaintiff, and the court, therefore, of its own motion, revokes and rescinds the order heretofore granted making him a party and will now order the case to proceed to trial with the original plaintiff."

Without passing upon the correctness of this order we shall merely say that it does not affect the validity of the judgment which was rendered in the case. If there is no proof that the plaintiff bank has gone in liquidation and if the bank has not failed, then the bank retains its standing in court. If, on the other hand, the bank is in liquidation the proof is of record that the Bank Examiner is the proper person to administer its affairs, and that Strain is such Examiner. No ruling in the case could destroy the fact that Strain made himself a party plaintiff.

The objection to the right of the Bank Commissioner to collect the assets of the bank in this State are answered by the following cases: Gravillon vs. Richard's Ex'r, 13 La. 298; Mourain vs. Poydras, 6 La. Ann. 151; Succession of Cordeviolle, 24 La. Ann. 319; Succession of Gaines, 46 La. Ann. 252; 14 South. 602; Thorman vs. Broderick, 52 La. Ann. 1298; 27 South. 735.

For the purposes of the last trial the plaintiff issued a commission to take anew the testimony of Prueitt, Day, and Sniggs, concerning the endorsement and pledge of the three notes in suit. They all testify that Prueitt was authorized to make the endorsement and pledge. Their testimony on this last occasion fully corroborates their testimony previously given, and meets the purpose for which the Supreme Court remanded the case: "To receive evidence on the question whether Norman Prueitt had authority to endorse and negotiate the notes in his firm's name" and fully establishes that authority.

These were the only questions to be investigated under the last judgment of the

Supreme Court of April 19. Burbank vs. Harris, 30 La. Ann. 487; Boisse vs. Dickson, 32 La. Ann. 1150.

It is therefore ordered that the verdict and judgment appealed from be avoided and set aside and it is now ordered that there be judgment condemning the defendants, A. S. Tucker and Joseph St. Mary *in solido* to pay to the plaintiff, the Wilkin Hale State Bank, Joe H. Strain, Bank Commissioner, the sum of Fifteen Hundred Dollars with ten per cent per annum interest on Five Hundred Dollars from August 24, 1917, on Five Hundred Dollars from September 24, 1917, and on Five Hundred Dollars from October 24, 1917, until paid, and Seventy-five Dollars attorney's fees and all costs of this suit.