FREDERICKA HOMBERG WICKER, Judge.
| gPlaintiff appeals the granting of summary judgment in favor of defendants, Wal-Mart Louisiana, LLC and Wal-Mart Real Estate Business Trust. Because we find the trial court improperly considered evidence not officially offered and introduced, we vacate the judgment on appeal and remand the matter for further proceedings.

Factual and Procedural Background

On December 14, 2006, Plaintiff, Michelle Sheffie, filed suit in the Twenty-Fourth Judicial District Court against Wal-Mart Louisiana, LLC and Wal-Mart Real Estate Business Trust (hereinafter collectively referred to as “Wal-Mart”) for damages resulting from personal injuries sustained when she slipped while shopping at the Harahan location store on December 27, 2005. After preliminary discovery was conducted, Wal-Mart filed a Motion for Summary Judgment[1] |3asserting that Plaintiff cannot satisfy her burden of proof against Wal-Mart under La. R.S. 9:2800.6.[2] Specifically, Wal-Mart asserts *627 that Plaintiff cannot prove that the liquid substance she alleges caused her to slip was in fact present or that Wal-Mart had constructive or actual notice of the substance; further, Wal-Mart claims Plaintiff cannot show any temporal element demonstrating a specific period of time during which the liquid substance remained on the floor prior to the accident as required under La. R.S. 9:2800.6. Plaintiff filed an Opposition to Wal-Mart’s Motion for Summary Judgment[3] attaching several exhibits including a video surveillance recording of the accident considered by the trial judge in rendering his judgment.[4] Plaintiff also attached to her opposition a document titled “Customer Statement” completed by Plaintiff on the date of the accident, a claim form or accident reported completed by Wal-Mart on the date of Plaintiffs accident, an affidavit of a private investigator with an attached report analyzing the video |4surveillance, and excerpts from the depositions of Plaintiff and various Wal-Mart employees. Following the hearing on the motion, Plaintiff filed a supplemental opposition[5] attaching additional exhibits including Wal-Mart’s written discovery responses and the declaration page from Wal-Mart’s commercial liability insurer. Based upon the record before us, it is unclear whether the trial judge considered any of this evidence in rendering his judgment.
On March 23, 2011, the trial court conducted a hearing on Wal-Mart’s Motion *628 for Summary Judgment. The hearing consisted of entirely oral argument by counsel; no evidence was officially offered or introduced. The trial judge took the matter under advisement.
On March 30, 2011, the trial court granted summary judgment in favor of Wal-Mart. In its Reasons for Judgment, the trial court discusses the untimeliness of Plaintiffs opposition as follows:
As explained above, the plaintiff failed to file an opposition until the day before the hearing on the summary judgment motion. Defendants requested that this Court refuse to consider the opposition or any of the attachments. Because the plaintiff attached surveillance video of the incident and the area prior to the incident, the Court decided to allow the plaintiff some leniency to determine whether this video provided evidence to support the plaintiffs case.
The trial judge reviewed the video surveillance recording provided at hearing by Plaintiffs counsel and subsequently found that the video did not show whether any water was present on the floor prior to Plaintiffs accident. Thus, the trial court found that Plaintiff failed to meet her burden of proof under La. R.S. 9:2800.6.[6] On April 12, 2011, Plaintiff filed a Motion to Extend the Deadline to file a Motion for New Trial. On April 14, 2011, Plaintiff filed a Motion for New Trial, asserting | Bthat she obtained new evidence in the form of an affidavit of a former Wal-Mart employee who monitored the video surveillance at the store location where Plaintiffs accident occurred. Plaintiff asserted that Wal-Mart purposefully withheld contact information for the former employee and further argued that the trial court’s granting of summary judgment in favor of Wal-Mart was clearly contrary to the law. Plaintiffs Motion for New Trial was denied by the trial court on June 17, 2011. This timely appeal follows.
We do not reach the merits of this appeal because we find the trial court erroneously considered evidence not properly before the court. Specifically, the videotape surveillance considered by the trial judge and referenced as a determining factor in rendering his judgment was never offered or introduced into evidence at hearing. Therefore, we find the judgment of the trial court must be vacated and this matter remanded for further proceedings.

Law and Analysis

On a motion for summary judgment, the burden of proof is on the mover. If the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La. C.C.P. art. 966. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(C)(2). A motion for summary judgment is properly granted when the *629 pleadings, depositions, answers to | (¡interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Audubon Trace Condominium Ass’n, Inc. v. Brignac-Derbes, Inc., 05-715, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d 1131, 1134.
When ruling on a motion for summary judgment, the trial court may consider “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any[,]” presented by the parties in support of or in opposition to the motion; those specifically enumerated documents need not be formally introduced into evidence at hearing if they are already “on file” or physically placed into the record prior to the hearing on the motion. See Newsome v. Homer Memorial Medical Center, 10-0564 (La.4/9/10), 32 So.3d 800, 802-03 (per curiam) (holding that depositions and affidavits considered must be “on file” prior to the hearing on the motion for summary judgment); Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 232 (holding that “[ajffidavits in support of or in opposition to motions for summary judgment must be filed into evidence at the hearing on the motion or filed into the record in order for the affidavits to be part of the record on appeal.” (Emphasis added)); Aydell v. Sterns, 98-3135 (La.2/26/99), 731 So.2d 189 (holding that information contained in affidavits and depositions submitted as attachments to a memorandum were properly before the trial court and appellate court for purposes of a motion for summary judgment); and Serv. One Cable T.V., Inc. v. Scottsdale Ins. Co., 11-1470 (La.App. 1 Cir. 2/10/12), 2012 WL 602209 (finding that “Article 966B specifically authorizes consideration of depositions ‘on file,’ even if simply attached to a memorandum.”).
|7The court may also consider other documents or things which do not fall within the specifically enumerated categories of documents listed in La. C.C.P. art. 966(B). However, this Court has held that “unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence.” Drury v. Allstate, Inc., et al, 11-509 (La.App. 5 Cir. 12/28/11), 86 So.3d 634; Mitchell v. Kenner Regional Medical Center, 06-620 (La.App. 5 Cir. 1/30/07), 951 So.2d 1193, 1197. Further, although La. C.C.P. art. 966(B) provides an exception for specific documents a court may consider on a motion for summary judgment without the need to formally introduce such documents into evidence at hearing, generally all other documents or things not enumerated in the article but relied upon by the parties must be verified or authenticated and officially offered and introduced into evidence. See Denoux v. Vessel Mgmt. Services, Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88; Rudolph v. D.R.D. Towing Co., LLC, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274, 1277; and Drury v. Allstate, Inc., et al, 11-509 (La.App. 5 Cir. 12/28/11), 86 So.3d 634.
In this case, the trial judge apparently viewed and considered the video surveillance tape capturing Plaintiff’s alleged accident. The video at issue does not fall within a category of the enumerated exceptions provided in La. C.C.P. art. 966(B) and was never officially offered and introduced into evidence.[7] As such, we find the *630 trial judge erroneously considered evidence not properly offered and introduced at the hearing on Wal-Mart’s Motion for Summary Judgment and relied [«upon that evidence in rendering his judgment. Accordingly, we vacate the March 30, 2011, trial court judgment granting summary judgment in favor of Wal-Mart and remand this matter for a new hearing on defendant’s Motion for Summary Judgment.

JUDGMENT VACATED; MATTER REMANDED

. Wal-Mart initially filed its Motion for Summary Judgment on January 23, 2009. However, the trial court granted Plaintiff's ex parte motion to continue the hearing on Wal-Mart's summary judgment motion to allow additional time for discovery. On February 3, 2011, Wal-Mart filed a Motion to Reset its previously filed Motion for Summary Judgment.

. La. R.S. 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the mer *627 chant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

. Plaintiff did not file her Opposition to Wal-Mart's Motion for Summary Judgment until March 22, 2011, one day before the hearing on the motion. At the hearing on their motion, Defendants urged the trial judge to refuse to consider Plaintiff's Opposition because it was not filed timely.

. Plaintiff further makes a spoliation argument asserting that Wal-Mart, who had possession and control of the surveillance recordings, purposefully saved only twenty minutes of recording prior to Plaintiff's incident. We do not, however, reach this argument raised by Plaintiff.

. Plaintiff filed a Motion for Leave to File a Supplemental Opposition to Wal-Mart’s Motion for Summary Judgment. On March 25, 2011, the trial court ordered that Plaintiff's supplemental opposition and the attachments thereto be accepted and filed in the record.

. As previously stated, it is unclear whether the trial judge considered any other exhibits attached to Plaintiff’s untimely Opposition to Wal-Mart's Motion for Summary Judgment in rendering his judgment. Because it is unclear if the trial judge considered these documents, we do not reach a determination of whether such documents were properly before the court.

. It is noted that the Customer Statement completed by Plaintiff, the Claim Form or *630 Accident Report completed by a Wal-Mart employee, and the declarations page from Wal-Mart's commercial liability insurer also do not fall within any of the enumerated exceptions provided in La. C.C.P. art. 966(B).