WICKER, J.,
dissents with reasons.
hi respectfully dissent.
In 2008, the Louisiana Supreme Court issued its opinion in Denoux v. Vessel Mgmt. Services, Inc., 2007-2143 (La.5/21/08), 983 So.2d 84, 88-89, which held:
Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memo-randa do not constitute evidence and cannot be considered as such on appeal. See: Ray Brandt Nissan v. Gurvich, 98-634 (La.App. 5th Cir.1/26/99), 726 So.2d 474; Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5th Cir.5/30/95), 656 So.2d 1081; City of Eunice v. CLM Equipment Co., Inc., 505 So.2d 976, 978 (La.App. 3rd Cir.1987); Norton v. Thorne, 446 So.2d 972, 974 (La.App. 3rd Cir.1984); Wilkin-Hale State Bank v. Tucker, 148 La. 980, 88 So. 239 (1921).
Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La. C. Civ. P. art. 2164; Gallagher v. Gallagher, 248 La. 621,181 So.2d 47 (1965); Bullock v. Commercial U. Ins. Co., 397 So.2d 13 (La.App. 3rd Cir.1981); Holmes v. St. Charles General Hosp., 465 So.2d 117 (La.App. 4th Cir.1985); B.W.S., Jr. v. Livingston *980 Parish School Board, 02-1981, p. 2 (La.8/16/06), 936 So.2d 181, 182 (per curiam).
Denoux v. Vessel Mgmt. Services, Inc., 2007-2143 (La.5/21/08), 983 So.2d 84, 88-89.
In the ease before us, defendant, Dr. Gwen Cousins, filed a “Petition to Institute Discovery” in the Twenty-Fourth Judicial District Court. Defendant’s petition does not contain any date of alleged malpractice. Subsequently, defendant filed an exception of prescription claiming that plaintiffs “Request for Review” requesting a medical review panel was not filed within the applicable prescriptive period.[1] When an exception of prescription is pursued during the medical review panel stage of proceedings, the request for review is considered the petition which will be reviewed for timeliness. Primus v. Touro Infirmary, 05-0662 (La.App. Cir. 1/25/06), 925 So.2d 609, 611. Defendant attached plaintiffs Request for Review to the memorandum in support of her exception of prescription.
While the request for review is the petition to be reviewed on the prescription exception at this stage of the proceedings, it cannot be reviewed if it has not become a part of the record, either by attaching it to the petition for discovery, by a motion and order to have it made part of the record, or by introducing it into evidence at the hearing on the prescription exception. None of these events occurred in this case. Thus, the Request for Review is simply an attachment to a memorandum filed in support of defendant’s exception of prescription.[2]
While the legislature has carved out a special rule addressing the documents which may be considered on a motion for summary judgment without formal introduction into evidence, no such rule exists for a prescription exception. La. C.C.P. art. 966.[3] While in a summary judgment proceeding, the trial court may consider all pleadings filed in the record, the same does not apply to prescription exceptions. La. C.C.P. art. 931 provides that “evidence may be introduced to support or controvert any of the objections pleaded” (emphasis added). La. C.C.P. art. 931 further provides that in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition. Sperandeo v. Osabas, 09-627 (La.App. 5 Cir. 2/9/10), 33 So.3d 269, 270. In the matter before us, there was no evidence introduced and there is no petition in the record to review.
It is my opinion that plaintiffs Request for Review may not be considered by this Court in its analysis of the trial court’s action. Therefore, it is my opinion that on the record before us we are unable to determine whether plaintiffs medical mal *981 practice action is prescribed on the face of the Request for Review and are thus unable to discern which party bears the burden of proof on this exception. Further, as no evidence was introduced into evidence at the hearing by either party, there is nothing for us to review.
I respectfully dissent from the majority opinion rendering judgment based on the facts alleged in the Request for Review. It is my opinion that the trial court erroneously considered documents not formally introduced into evidence; as such, the judgment of the trial court should be vacated and the matter remanded for further proceedings. See Sheffie v. Wal-Mart Louisiana, LLC, 11-1038 (La.App. 5 Cir. 5/31/12), 92 So.3d 625 and Scheuermann v. Cadillac of Metairie, 11-1149 (La.App. 5 Cir. 5/31/12), 97 So.3d 423.

. A health care provider may assert an exception of prescription during the medical review panel stage of a proceeding. Perritt v. Dona, 2002-2601 (La.7/2/03), 849 So.2d 56, 66.

. The Request for Review is not an exhibit to defendant’s Petition to Institute Discovery so as to arguably become a part of the petition itself under La. C.C.P. art. 853.

. As to summary judgment proceedings, this Court has held:
When ruling on a motion for summary judgment, the trial court may consider “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any[,j” presented by the parties in support of or in opposition to the motion; those specifically enumerated documents need not be formally introduced into evidence at hearing if they are already "on file” or physically placed into the record prior to the hearing on the motion. Sheffie v. Wal-Mart Louisiana, LLC, 11-1038 (La.App. 5 Cir. 5/31/12), 92 So.3d 625, 629.