NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-415

JOE TURNAGE

VERSUS

CITY OF ALEXANDRIA

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 257,221
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.

APPEAL DISMISSED.

Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
Post Office Box 1311
Alexandria, LA 71309
(318) 487-4589
COUNSEL FOR PLAINTIFF/APPELLEE:
    Joe Turnage

**Misty Shannon Antoon**
**Attorney at Law**
**600 Desoto Street**
**Alexandria, LA 71301**
**(318) 448-8111**
**COUNSEL FOR APPELLEE:**
  **Alexandria Civil Service Commission**

**Steven M. Oxenhandler**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **City of Alexandria**

**SAVOIE, Judge.**

Upon the lodging of the record in this court, this court issued a rule for the Appellant, the City of Alexandria (the City), to show cause, by brief only, why its appeal should not be dismissed for lack of a record from the Alexandria Civil Service Commission. For the reasons assigned, we set aside the judgment appealed and dismiss the appeal.

The Appellee, Joe Turnage, sought a pay increase from his employer, the City. When the pay increase was rejected by the City, he filed a Petition of Appeal with the Alexandria Civil Service Commission (the Commission). The matter was brought before the Commission, but the Commission determined that it lacked jurisdiction to decide the matter. Therefore, Mr. Turnage appealed the Commission's decision to the Ninth Judicial District Court. His appeal was assigned to Division G of that court and given the docket number of 257,221.

The record from the Commission was attached as exhibits to the filings by the parties to the initial appeal. Following briefing and oral argument, the district court rendered judgment finding that the Commission did have jurisdiction to hear Mr. Turnage's complaint and remanded the case to the Commission for consideration of the matter on the merits.

The next document, which appears in the appellate record transmitted to this court in the instant appeal, is a Rule to Show Cause filed by Mr. Turnage in suit number 257,221 with Division G of the Ninth Judicial District Court. The rule states, "This matter is an appeal by Joe Turnage from the decision of the Alexandria Civil Service Commission rendered on November 15, 2017[.]" The rule asked that a briefing schedule and a hearing date be set by the district court and asked that, ultimately, judgment be entered overturning and reversing the Commission's decision.

The next document in this court's appellate record is an Order Re-Alloting to Another Civil Division Due to Bench Rotation. This order asked that since Division G was no longer going to be hearing civil matters, the matter be reassigned to another Division of the Ninth Judicial District Court. A handwritten notation appears at the bottom of this order which reads, "Reallotted to Div F. 12-14-17."

The next document appearing in this court's appellate record is a Judgment, which was signed on February 15, 2018. The Judgment bears the district court's docket number 257,221, and bears the designation of Division F. This Judgment reversed the November 15, 2017 decision of the Commission and granted the appeal by Mr. Turnage. Although the opening paragraph of the Judgment states, "The Court, on consideration of the record of the November 15, 2017, Civil Service Hearing, the law and the argument of counsel, and for the reasons stated orally in Open Court that the Appointing Authority acted unfairly toward Appellant," the Judgment does not indicate a specific rate of pay that the City must pay Mr. Turnage nor does the Judgment remand the matter to the Commission for a determination of the appropriate rate of pay.

On February 23, 2018, the City filed a Petition for Devolutive Appeal in docket number 257,221, with Division F. The district court signed the order granting the appeal on February 26, 2018, and the appellate record was lodged in this court on May 30, 2018.

As indicated above, upon the lodging of the record, this court issued the rule under consideration herein. Neither the court minutes from the hearing held in this matter before Division F on February 5, 2018, nor the transcript from that date indicates that the record from the Commission was entered into the record of the

2

district court following the remand of the matter based on the reversal of the Commission's decision regarding jurisdiction. Additionally, despite the district court's statement in its February 15, 2018 judgment that the district court had considered the Commission's record from the November 15, 2017 proceedings, the appellate record in this court is devoid of any record whatsoever from these further proceedings before the Commission held on November 15, 2017. The final page in the appellate record filed in this court is the Certificate of the Clerk of Court stating that the record sent to this court is the entirety of the record from the district court.

Based on the record before this court, we find that the district court was without jurisdiction to decide the merits of Mr. Turnage's appeal of the November 15, 2017 decision of the Commission. The record before this court reveals that no record of the Commissioner's November 15, 2017 proceedings had been introduced into the record before the district court.[1] Accordingly, we find that the

---

[1]In the brief filed by the City in response to this court's rule, the City states that when Mr. Turnage's second petition challenging the Commission's November 15, 2017 decision was filed in the district court, it was assigned a different docket number before a different division of the Ninth Judicial District Court: docket number 260,488 before Division A of the Ninth Judicial District Court. Further, the City states that the record from the November 15, 2017 proceedings before the Commission was transmitted to the Ninth Judicial District Court and was filed in docket number 260,488. The City avers that this matter is still pending before Division A of the Ninth Judicial District Court.

This court is a court of record; the facts referenced herein from the brief filed by the City are dehors the record that this court has in the appeal currently pending in this court. In *Denoux v. Vessell Management Services, Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88-89, the court stated:

> Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. See: *Ray Brandt Nissan v. Gurvich*, 98-634 (La.App. 5th Cir.1/26/99), 726 So.2d 474; *Gulf Coast Bank and Trust Co. v. Eckert*, 95-156 (La.App. 5th Cir.5/30/95), 656 So.2d 1081; *City of Eunice v. CLM Equipment Co., Inc.*, 505 So.2d 976, 978 (La.App. 3rd Cir.1987); *Norton v. Thorne*, 446 So.2d 972, 974 (La.App. 3rd Cir.1984); *Wilkin-Hale State Bank v. Tucker*, 148 La. 980, 88 So. 239 (1921).

> Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La. C. Civ. P. art. 2164; *Gallagher v.*

(continued . . .)

3

district court's judgment of February 15, 2018, is null and void.  We enter judgment setting aside this judgment.  We dismiss this appeal and assess the cost of the appeal in the amount of $736.00, to the City of Alexandria.  This matter is remanded to the district court for further proceedings in accordance with this court's ruling.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

_____

(. . . continued)

> *Gallagher*, 248 La. 621, 181 So.2d 47 (1965); *Bullock v. Commercial U. Ins. Co.*, 397 So.2d 13 (La.App. 3rd Cir.1981); *Holmes v. St. Charles General Hosp.*, 465 So.2d 117 (La.App. 4th Cir.1985); *B.W.S., Jr. v. Livingston Parish School Board*, 02-1981, p. 2 (La.8/16/06), 936 So.2d 181, 182 (per curiam ).

Accordingly, this court cannot base its decision on facts not borne out by the record which is lodged in this court.  This court does not have a record in the proceedings which the City avers was filed in Division A of the Ninth Judicial District Court, bearing docket number 260,488. Therefore, we can express no opinion as to which Division of the Ninth Judicial District Court Mr. Turnage's second petition is properly assigned.