936 So.2d 181 (2006)
B.W.S., JR.; T.A.S. as Administrators of the Estate of M.T.S.
v.
LIVINGSTON PARISH SCHOOL BOARD and Randy Pope, Superintendent of Livingston Parish School Board, Cecil Picard, Louisiana Department of Education, State Board of Elementary and Secondary Education.
No. 2006-CC-1981.
Supreme Court of Louisiana.
August 16, 2006.
*182 PER CURIAM.
In November 2005, M.T.S., then an eighth grade student at a Livingston Parish junior high school, was expelled from school for twelve months. In June 2006, plaintiffs, the parents of M.T.S., filed a petition for injunctive relief against the Livingston Parish School Board ("Board") and others. Essentially, plaintiffs sought an order requiring that the Board evaluate M.T.S. for placement in the 9th grade, taking into account her home schooling, and that it provide her with alternative education beginning August 9, 2006. The trial court conducted a hearing on July 31, 2006, which was attended by plaintiffs' counsel only.[1] At the conclusion of the hearing, the trial court denied plaintiffs' request for relief, finding the request was premature "due to the fact the child will not complete her expulsion until November 2006 . . . ."
Plaintiffs sought supervisory review of this ruling. The court of appeal issued an "Interim Order" on August 3, 2006 directing the Board to file a supplemental brief responding to seven specific inquiries. On August 8, 2006, the court of appeal granted plaintiffs' writ application and issued specific orders granting relief to plaintiffs. The Board now seeks expedited review of the court of appeal's ruling.
Without passing on the merits of the court of appeal's disposition, we find the court of appeal committed procedural error in this case. It is well-settled that appellate courts are limited to the record developed in the trial court and are prohibited from receiving new evidence. La. Code Civ. P. art. 2164; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965). In the present matter, the court of appeal clearly went beyond the record when it ordered the Board to file a supplemental brief addressing issues not developed before the trial court. The court of appeal then relied on the information contained in this supplemental brief, as well as in plaintiffs' brief, in fashioning its remedy in this case. While the court of appeal's action was well intentioned in light of the expedited *183 nature of these proceedings, we find a departure from proper appellate procedure that mandates this court's intervention.
Accordingly, the writ is granted. The judgment of the court of appeal is vacated and set aside. The case is remanded to the trial court for an expedited hearing upon proper notice to all parties. At the hearing, the trial court is directed to receive appropriate evidence from the parties and render a judgment addressing all relevant issues, including, but not limited to, whether the Board has an obligation to provide alternative education to M.T.S. pursuant to La. R.S. 17:416.
CALOGERO, C.J., and KIMBALL, J., would deny the writ application.
JOHNSON, J., would deny the writ application and assigns reasons.
JOHNSON, J. would deny the writ application for the following reasons:
The loss of an entire school year is a tremendous hardship. Expulsion from the system is the most severe punishment, and I doubt that expulsion was warranted from the facts presented here.
In the event of expulsion, LA.REV.STAT. § 17:416(A)(2)(c) mandates that the local school district provide an alternative education to the expelled student. The Livingston Parish School District has not only ignored the statutory mandates, the system has refused to cooperate with the family's effort at home schooling.
I would affirm the action taken by the court of appeal rather than cause this student any additional irreparable injury. The course suggested by the majority may very well result in this student losing a second school year.
NOTES
[1] The Board represents that it did not receive notice of this hearing.