950 So.2d 732 (2006)
John F. GUILBEAU and Stacey K. Guilbeau
v.
CUSTOM HOMES BY JIM FUSSELL, INC.
No. 2006 CA 0050.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
Gary M. Cooper, Baton Rouge, Counsel for Plaintiffs/Appellants John F. Guilbeau and Stacey K. Guilbeau.
Robert E. Kerrigan, Jr., Kermit L. Roux, III, New Orleans, Counsel for Defendant/Appellee Custom Homes by Jim Fussell, Inc.
Before: KUHN, GAIDRY, and WELCH, JJ.
*734 GAIDRY, J.
The plaintiffs, John F. Guilbeau and Stacey K. Guilbeau, appeal a summary judgment rendered in favor of the defendant, Custom Homes by Jim Fussell, Inc., dismissing their cause of action for damages under the New Home Warranty Act, La. R.S. 9:3141, et seq. We reverse the trial court's judgment on the procedural basis described below and remand the case to the trial court.

FACTS AND PRIOR PROCEEDINGS
Plaintiffs owned a lot in East Baton Rouge Parish, and on February 4, 1999 engaged defendant to construct a residence on the lot for the sum of $221,750.00. The construction contract provided that plaintiffs "specifically waive[d] any claim for loss or damage caused by soil conditions or soil movement pursuant to the provisions of Louisiana R.S. 9:3144(B)(18)."[1]
After construction was complete, plaintiffs occupied the residence. Sometime thereafter, they noticed cracks in the walls and floors and other problems suggestive of structural defects.
On August 12, 2003, plaintiffs instituted this litigation by filing a verified petition for damages, alleging that their residence's foundation and slab were defective, due to defendant's defective design of the slab, defective site and base preparation, and defective construction. Plaintiffs further alleged that they retained two engineering firms whose testing revealed the foregoing defects. They alleged that they were therefore entitled to damages, costs, and attorney fees. Defendant answered the petition, admitting its construction of the residence according to the terms of the construction contract, but denying any liability to plaintiffs.
After discovery was undertaken, including the deposition of Michael Stein, the representative of one of plaintiffs' expert engineering firms, defendant filed a motion for summary judgment. By means of its motion, defendant sought the dismissal of plaintiffs' claims on the grounds that there was no genuine issue of material fact that plaintiffs' claims were caused by soil conditions or soil movement and thus fell within the express waiver of warranty authorized by La. R.S. 9:3144(B)(18). In its supporting memorandum to the trial court, defendant referred to Mr. Stein's deposition testimony and the content of the reports of plaintiffs' two expert engineering firms as supporting its position. Plaintiffs filed no opposing affidavits or depositions, and no opposition memorandum appears in the record.
The trial court heard the motion on September 19, 2005, and granted summary judgment in defendant's favor. The trial court's judgment was signed on September 27, 2005. However, the judgment merely provided that the motion was granted, and contained no decretal language dismissing plaintiffs' claims in whole or in part, or otherwise disposing of any issue. Plaintiffs then instituted this appeal.
On March 6, 2006, this court issued an order that the parties show cause by March 21, 2006, by briefs, why the appeal should not be dismissed on the grounds that it lacked appropriate decretal language as to the case's disposition. On March 27, 2006, the trial court signed an *735 amended judgment, granting the motion for summary judgment and dismissing plaintiffs' claims. This court was subsequently advised by the trial court that the amended judgment had been signed, and we recalled the prior order on June 13, 2006. However, as the record on appeal had not been supplemented with the amended judgment, we issued another order the same date that the parties so supplement the record within thirty days. Over thirty days later, on August 21, 2006, plaintiffs obtained an order from the trial court, supplementing the record with the amended judgment.
On September 29, 2006, upon further review of the record, we issued another order ex proprio motu for further supplementation of the record, noting that the deposition of one of plaintiffs' experts and two expert reports, referenced in the parties' appeal briefs, were absent from the record. In response to that order, the parties filed a joint motion in this court to supplement the appellate record with the deposition and reports.

DISCUSSION
The summary judgment procedure is expressly favored in the law, and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). (Emphasis supplied.) Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050 (per curiam).
Although Mr. Stein's deposition and the expert reports were mentioned in defendant's supporting memorandum, the memorandum did not designate them as exhibits, and they were not attached to either the motion or the memorandum. The only exhibits referenced and attached were plaintiff's petition and the notarized construction contract, designated as Exhibits A and B respectively. Our thorough review of the entire record, the trial court minutes, the limited hearing transcript, and the documents attached to the joint motion to supplement the appellate record reveals that the deposition and expert reports were not in fact filed with the trial court prior to the hearing nor introduced into evidence at that time. Thus, the trial court could not properly consider the content of those documents in determining the motion for summary judgment.[2]
In reviewing a summary judgment, this court can review only those documents either introduced into evidence at the hearing or previously filed in the trial court record. The court of appeal is not a court of original jurisdiction, and cannot receive new evidence or exhibits. B.W.S., Jr. v. Livingston Parish School Board, 02-1981, p. 2 (La.8/16/06), 936 So.2d 181, 182 (per curiam). We are not permitted to deviate from the procedural and evidentiary rules for summary judgment *736 established by our legislature. As much as we or the parties might prefer, we cannot subordinate adherence to proper civil procedure to considerations of judicial efficiency and convenience. Id.[3] Accordingly, the joint motion to supplement the appellate record must be denied. This court on de novo review may not properly consider the deposition and reports now offered by the parties.
The only exhibits properly before the trial court at the time of the hearing were the verified petition and the notarized construction contract filed in the record with defendant's memorandum. Based upon the content of the record properly before the trial court at that time, we must conclude that defendant failed to meet its requisite burden of proof for summary judgment in its favor. We therefore reverse the trial court's judgment and remand this case for further proceedings.
MOTION TO SUPPLEMENT APPELLATE RECORD DENIED; REVERSED AND REMANDED.
NOTES
[1] This statutory provision states that "[u]nless the parties otherwise agree in writing, the builder's warranty shall exclude . . . [a]ny loss or damage to a home caused by soil conditions or soil movement if the home is constructed on land owned by the initial purchaser and the builder obtains a written waiver from the initial purchaser for any loss or damage caused by soil conditions or soil movement."
[2] The deposition and reports attached to the parties' joint motion to supplement the appellate record bear no date receipts, filing certificates, exhibit numbers, or other indicia of having been submitted to the clerk of court or the trial court's minute clerk for filing. We can only presume from the trial court's decision that the deposition and reports were submitted directly to the presiding judge in some fashion but not to the clerk of court.
[3] See also Gaspard v. Graves, 03-0844 (La. App. 1st Cir.2/23/04), 874 So.2d 181, and Rule 9.10, Louisiana Rules for District Courts.