COURT OF APPEAL, THIRD CIRCUIT

**STATE IN THE INTEREST OF**

**K. L. A.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 24670
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**Ezell, J., concurs.**

**AFFIRMED.**

**Emma J. DeVillier**
**Assistant Attorney General**
**Colin Clark**
**Assistant Attorney General**
**Attorney General's Office**
**P. O. Box 94005**
**Baton Rouge, LA 70804**
**Telephone: (225) 326-6200**
**COUNSEL FOR:**
        **Appellant – State of Louisiana**

**John F. DeRosier**
**District Attorney – 14ᵗʰ Judicial District**
**Carla Sue Sigler**
**Assistant District Attorney – 14ᵗʰ Judicial District**
**James Kenneth Yelverton**
**Assistant District Attorney – 14ᵗʰ Judicial District**
**Karen McClellan**
**Assistant District Attorney – 14ᵗʰ Judicial District**
**Cynthia Lea Guillory**
**Assistant District Attorney – 14ᵗʰ Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
        **Appellant – State of Louisiana**

**Mike K. Stratton**
**Public Defender's Office**
**901 Lakeshore Drive – Suite 700**
**Lake Charles, LA 70601**
**Telephone: (337) 436-1718**
**COUNSEL FOR:**
  **Appellee – K. L. A.**

**Harry Pierre Fontenot, Jr.**
**1000 South Huntington Street – Suite D**
**Sulphur, LA 70663**
**Telephone: (337) 527-3000**
**COUNSEL FOR:**
  **Appellee – K. L. A.**

**Dalonshia Thomas-Jordan**
**Assistant District Attorney – 14th Judicial District**
**901 Lakeshore Drive**
**Lake Charles, LA 70601**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
  **Appellant – State of Louisiana**

**Edward King Alexander, Jr.**
**Necole M. Williams**
**P. O. Box 3757**
**Lake Charles, LA 70602**
**(337) 436-1718**
**COUNSEL FOR:**
  **Appellee – K.L.A.**

**THIBODEAUX, Chief Judge.**

A juvenile adjudicated delinquent of aggravated incest filed a Motion for Injunction/Cease and Desist Order/Stay Order, asserting that juveniles are not subject to the sex offender registration requirements under La.R.S. 32:412(I) and La.R.S. 40:1321(J), which require sex offenders to obtain driver's licenses and identification cards denoting their sex offender status. The trial court granted the juvenile's motion, reasoning that the requirements of La.R.S. 32:412(I) and La.R.S. 40:1321(J) directly conflict with the community notification exemptions afforded to juveniles under La.R.S. 15:542.1(C). For the following reasons, we affirm the trial court's judgment.

## I.

### ISSUE

We shall consider whether a juvenile that is required to register as a sex offender under La.R.S. 15:542 et seq. is also required under La.R.S. 32:412(I) and La.R.S. 40:1321(J) to obtain a driver's license and identification card that identifies the juvenile as a sex offender.

## II.

### FACTS AND PROCEDURAL HISTORY

On June 21, 2012, the juvenile, K.L.A., was adjudicated delinquent on the charge of aggravated incest, a violation of La.R.S. 14:78.1. The trial judge ordered that K.L.A. be committed to the custody of the Louisiana Department of Public Safety and Corrections for a period of two years. The trial judge subsequently modified the order and released K.L.A. to parental custody from the

Office of Juvenile Justice, with the requirement that he update his sex offender registration every ninety days from the date of initial registration. On July 19, 2013, Detective Sutherland of the Calcasieu Parish Sheriff's Office informed K.L.A. that he must obtain a driver's license and/or an identification card containing the words "sex offender" by July 22, 2013 in order to comply with La.R.S. 32:412(I) and La.R.S. 40:1321(J). In response, K.L.A. filed a Motion for Injunction/Cease and Desist Order/Stay Order. He argued that La.R.S. 32:412(I) and La.R.S. 40:1321(J) do not explicitly include juveniles and are in direct conflict with the community notification exemptions afforded to juveniles under La.R.S. 15:542.1(C). In addition, K.L.A. argued that La.R.S. 32:412(I) and La.R.S. 40:1321(J) are unconstitutionally vague, overbroad, overinclusive, and amount to cruel and unusual punishment when applied to juveniles. After a hearing, the trial judge granted K.L.A.'s Motion for Injunction/Cease and Desist Order/Stay Order, reasoning that since the requirements of La.R.S. 32:412(I) and La.R.S. 40:1321(J) amount to community notifications, they do not apply to adjudicated juveniles who are required to register as sex offenders but are exempt from community notifications under La.R.S. 15:542.1(C). The State of Louisiana now appeals the trial court's judgment.

## III.

## <u>STANDARD OF REVIEW</u>

This case involves the interplay between the sex offender registration and notification requirements under La.R.S. 15:542 et seq. and the sex offender driver's license and identification card requirements under La.R.S. 32:412(I) and La.R.S. 40:1321(J). As this is an issue of statutory interpretation, it is a question of

2

law subject to a de novo standard of review. *La. Mun. Ass'n v. State*, 04-227 (La. 1/19/05), 893 So.2d 809; *Stewart v. Estate of Stewart*, 07-333 (La.App. 3 Cir. 10/3/07), 966 So.2d 1241.

IV.

**LAW AND DISCUSSION**

On appeal, the State argues that the driver's license and identification requirements under La.R.S. 32:412(I) and La.R.S. 40:1321(J) explicitly apply to adjudicated juveniles given that the requirements apply to all sex offenders required to register under La.R.S. 15:542 et seq. We disagree.

In interpreting these statutes, we are bound by long-standing rules of statutory interpretation:

> The starting point in the interpretation of any statute is the language of the statute itself. [*State v. Johnson*, 03-2993, p. 11 (La. 10/19/04), 884 So.2d 568, 575; *Theriot v. Midland Risk Ins. Co.*, 95-2895, p. 3 (La. 5/20/97), 694 So.2d 184, 186]. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ.Code. art. 9; *Johnson*, 884 So.2d at 575. However, "when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. Civ.Code art. 10; *Fontenot v. Reddell Vidrine Water Dist.*, 02–0439 (La.1/14/03), 836 So.2d 14, 20. Moreover, "when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." La. Civ.Code art. 12.

> It is also well established that the Legislature is presumed to enact each statute with deliberation and with full knowledge of all existing laws on the same subject. *Johnson*, 884 So.2d at 576; *State v. Campbell*, 03–3035 (La.7/6/04), 877 So.2d 112, 117. Thus, legislative language will be interpreted on the assumption the Legislature was aware of existing statutes, well

3

established principles of statutory construction and with knowledge of the effect of their acts and a purpose in view. *Johnson*, 884 So.2d at 576–77; *Campbell*, 877 So.2d at 117. It is equally well settled under our rules of statutory construction, where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. La. Civ.Code art. 13; *City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund*, 05–2548, [(La.10/1/07), 986 So.2d 1].

*M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, pp. 13-14 (La. 7/1/08), 998 So.2d 16, 27.

Following the rules of statutory interpretation, we must first examine the plain language of the statutes in question. Louisiana Revised Statutes 32:412(I) states, in pertinent part:

> I. (1) The Louisiana driver's license, regardless of its class, issued to any person who is required to register as a sex offender pursuant to R.S. 15:542 and R.S. 15:542.1 shall contain a restriction code which declares that the license holder is a sex offender. The secretary of the Department of Public Safety and Corrections shall comply with the provisions of this Subsection and the driver's license shall include the words "sex offender" which shall be orange in color.
>
> . . . .
>
> (5) The provisions of this Subsection shall apply to all registered sex offenders regardless of the date of conviction.

Louisiana Revised Statutes 40:1321(J) provides similar requirements in regards to mandatory identification cards for registered sex offenders:

> J. (1) Any person required to register as a sex offender with the Louisiana Bureau of Criminal Identification and Information, as required by R.S. 15:542 et seq., shall obtain a special identification card issued by the Department of Public Safety and Corrections which shall contain a restriction code declaring that the holder is a sex offender.

4

. . . .

> (3) The provisions of this Subsection shall apply to all sex offenders required to register pursuant to R.S. 15:542 et seq., regardless of the date of conviction.

As K.L.A. was adjudicated delinquent of aggravated incest, a violation of La.R.S. 14:78.1, he is required to register as a sex offender under La.R.S. 15:542(A)(3)(f). As La.R.S. 32:412(I)(1) and La.R.S. 40:1321(J)(1) both state that any person required to register as a sex offender under La.R.S. 15:542 et seq. shall be required to comply with the driver's license and identification card requirements, one could reasonably interpret the statute to apply to adjudicated juveniles like K.L.A. However, both La.R.S. 32:412(I)(5) and La.R.S. 40:1321(J)(3) also state that sex offenders required to register under La.R.S. 15:542 et seq. must comply with the driver's license and identification requirements "regardless of the date of conviction." Thus, it is reasonable to interpret the driver's license and identification requirements only apply to registered sex offenders who have been convicted of a crime. Given that the Louisiana Supreme Court has explicitly stated that juvenile adjudications are not convictions, one could just as easily find that the registration requirements under La.R.S. 32:412(I) and La.R.S. 40:1321(J) do not apply to adjudicated juveniles like K.L.A.

As the statutory language of La.R.S. 32:412(I) and La.R.S. 40:1321(J) gives rise to two conflicting interpretations in regards to whether their requirements apply to adjudicated juveniles, the statutes are ambiguous on their face. As such, we must look beyond the plain language to find the interpretation that best conforms to the purpose of the laws. Considering criminal statutes are interpreted with lenity in favor of the accused and "should be so interpreted as to be in harmony with, preserve, and effectuate the manifest intent of the

5

legislature[,]" we reason that La.R.S. 32:412(I) and La.R.S. 40:1321(J) should not apply to juveniles adjudicated delinquent. *State v. Brown*, 03-2788, p. 6 (La. 7/6/04), 879 So.2d 1276, 1280.

First, the legislature never intended for juveniles to be subject to these requirements. Louisiana Children's Code Article 884.1(A)(6) states that when a child is adjudicated delinquent of aggravated incest, the court shall provide the child with written notice of the sex offender registration requirements. Louisiana Children's Code Article 884.1(B) provides the actual form for the notice, which outlines all of the registration requirements for adjudicated juveniles. Notably, La.Ch.Code art. 884.1, which was enacted in 2010, does not include the driver's license or identification card registration requirements of La.R.S. 32:412(I) and La.R.S. 40:1321(J), which were enacted in 2006. *See* 2006 La. Sess. Law Serv. Act 663 (S.B. 612) (La. 2006); 2010 La. Sess. Law Serv. Act 594 (H.B. 702) (La. 2010). Considering legislative language is interpreted with the assumption that the legislature is aware of existing statutes, it is assumed that the legislature was aware of the registration requirements under La.R.S. 32:412(I) and La.R.S. 40:1321(J) when it drafted La.Ch.Code art. 884.1. Thus, the explicit exclusion of these requirements from adjudicated juveniles under La.Ch.Code art. 884.1 must be considered purposeful.

Beyond legislative intent, applying the requirements of La.R.S. 32:412(I) and La.R.S. 40:1321(J) to adjudicated juveniles creates inherent discord with the other statutory provisions regarding juvenile sex offender registration and notification. Louisiana Children's Code Article 412(A) stipulates that "[r]ecords and reports concerning all matters or proceedings before the juvenile court, except traffic violations, are confidential and shall not be disclosed except as expressly

6

authorized by this Code." This mandate of confidentiality under Article 412 applies equally to the sex offender registration requirements for juveniles. Specifically, La.R.S. 15:542.1(C) states that "[a]ny juvenile required to register in accordance with the provisions of this Chapter shall be exempt from any notification requirements of this Section" unless they provide recreational instruction to persons under the age of seventeen. Considering the driver's license and/or identification card is the primary means of identification in the community and is oftentimes a necessity to perform everyday acts such as purchasing goods, opening financial accounts, or buying or leasing real estate, to require juveniles to have the status of sex offender written on their driver's license or identification card would completely undermine the confidentiality requirements and notification exemptions mandated by the Louisiana Children's Code and the Louisiana Revised Statutes. In order to resolve this discord in the law and preserve the manifest intent of the legislature, it follows that the registration requirements of La.R.S. 32:412(I) and La.R.S. 40:1321(J) cannot apply to juveniles adjudicated delinquent. As such, the trial court did not err in finding that K.L.A., as a juvenile adjudicated delinquent of aggravated incest, was not required to obtain a driver's license or State ID that designates his status as a sex offender. We need not consider the constitutional arguments raised by K.L.A. because all issues have been disposed of on non-constitutional grounds. *La. Mun. Ass'n*, 893 So.2d 809.

V.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

**AFFIRMED**.

7