# Supreme Court of Louisiana

The Opinions handed down on the **30th day of June, 2015**, are as follows:

**BY CRICHTON, J.**:

2014-CK-1410      STATE IN THE INTEREST OF K.L.A. (Parish of Calcasieu)

For the foregoing reasons, the judgments of the district court and the court of appeal are affirmed, solely as to their ruling that K.L.A. himself is not required to comply with requirements of La. R.S. 32:412(I) and La. R.S. 40:1321(J).
AFFIRMED.

**SUPREME COURT OF LOUISIANA**

**NO. 14-CK-1410**

**STATE IN THE INTEREST OF K.L.A.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF CALCASIEU**

CRICHTON, J.

We granted the state's writ application to determine whether a person required to register as a sex offender as a result of an offense committed as a juvenile under La. R.S. 15:542 must comply with the sex offender identification required by La. R.S. 32:412(I) or La. R.S. 40:1321(J). After briefing and argument, it became apparent that the deficient record in this matter does not permit the Court to answer that question. Rather, the record makes clear that the respondent in this case, K.L.A., is not required by La. R.S. 15:542 to register as a sex offender – though he agreed to do so by plea – and, for the reasons that follow, he is also not required to obtain the sex offender identification.

The judgments of the district court and the court of appeal are affirmed, solely as to their ruling that respondent himself is not required to obtain the sex offender identification required of sex offender registrants.

**FACTS AND PROCEDURAL HISTORY**

A delinquency petition was filed against K.L.A. on March 6, 2012. In paragraph A of the petition, the state charged K.L.A., who was 16 years old at the time of the offense, with a violation of La. R.S. 14:78.1(B)(2), Aggravated Incest.[1] On June 21, 2012, K.L.A. was adjudicated delinquent of this same provision. The plea colloquy before the district court included the following exchange:

---

[1] This provision has been redesignated as Aggravated Crime Against Nature, La. R.S. 14:89.1. Because we are referring to the original charge in the petition against this juvenile, we will refer to the charge as "Aggravated Incest."

> **The Court:** [K.L.A.], I want to make sure you understand what's just been suggested to the Court by your attorney this morning. [Y]ou're wishing to admit to part of the allegations in this petition, particularly Paragraph A, and [] the State of Louisiana is going to dismiss Paragraph B. Do you understand that [K.L.A.]?
>
> **K.L.A.:** Yes, sir.
>
> . . .
>
> **The Court:** I understand he's submitted the notification, a signed copy of same.
>
> **Public Defender:** Judge, I did go over this notification with [K.L.A.] verbatim in the back. He did sign the requirements, [and] they've been explained to him. I did explain to him. If you could hit the high parts, maybe.
>
> **The Court:** . . . [T]he Court is in receipt, it should be noted that it was filed into the record, the notification – appropriate notifications as well as the Judgment of Commitment and Order Granting Custody. So I think you're referring to Children's Code Article 884.1.
>
> **District Attorney:** Yes, sir. It does state, Your Honor, that when the child has admitted to the allegations that the Court shall provide him with written notice. And we have provided him with that, Your Honor, on your behalf. He has signed it.
>
> . . . .
>
> **The Court:** Let the record reflect the 884 requirements have been met.

That same day, the trial judge ordered that K.L.A. be committed to the custody of the Louisiana Department of Public Safety and Corrections for a period of two years. Additionally, and as reflected in the exchange excerpted above, K.L.A., his attorney, and the judge signed a "Notification to Sex Offender Per La. Ch. C. Art. 884.1."[2] The notification, in which K.L.A. agreed to register under Title 15, requires K.L.A. to register for the "duration of his lifetime."[3] The

---

[2] Under Children's Code art. 884.1, the court "shall" provide a child who has admitted allegations of a petition and adjudicated delinquent of an enumerated sex offense to be provided with written notice of the registration requirements of Title 15.

[3] Among other requirements, K.L.A. must register as a sex offender with the sheriff and chief of police, if any, of the parish of the juvenile court in which he was adjudicated. He is also required to update his registration, in person, every ninety days from the date of the initial

notification does not reference in any way the requirements of La. R.S. 32:412(I) or La. R.S. 40:1321(J). In December 2012, the trial judge modified the order and released K.L.A. to parental custody, with the requirement that he update his sex offender registration every 90 days from the date of initial registration.

On July 19, 2013, a detective in the Calcasieu Parish Sheriff's Office informed K.L.A. that he must obtain a driver's license and/or an identification card containing the words "sex offender" by July 22, 2013, in order to comply with La. R.S. 32:412(I) and La. R.S. 40:1321(J). In response, K.L.A. filed a Motion for Injunction/Cease and Desist Order/Stay Order. In that motion, K.L.A. conceded that he was required to register as a sex offender, but he argued that the requirements of La. R.S. 32:412(I) and La. R.S. 40:1321(J) do not explicitly include juveniles and are in direct conflict with the community notification exemptions afforded to juveniles under La. R.S. 15:542.1(C).[4] K.L.A. also argued that La. R.S. 32:412(I) and La. R.S. 40:1321(J), insofar as they may apply to juveniles, violate the United States and Louisiana Constitutions, because they are, among other factors, unconstitutionally vague, overbroad, overinclusive, and amount to cruel and unusual punishment when applied to juveniles.

After a hearing, the trial judge granted K.L.A.'s motion, reasoning that since the requirements of La. R.S. 32:412(I) and La. R.S. 40:1321(J) amount to community notifications, they do not apply to adjudicated juveniles who are required to register as sex offenders but are exempt from community notifications under La. R.S. 15:542.1(C). The court of appeal affirmed, agreeing with the district court that K.L.A. was not required to obtain a driver's license or state identification that designates his status as a sex offender. After finding that the

---

registration, with the sheriff and chief of police (if any) of the parish of his residence and the parish where he attends school or is employed.

[4] La. R.S. 15:542.1(C) exempts juveniles from community notification requirements of "this Section" except when the juvenile "provides recreational instruction to persons under the age of seventeen years."

phrase "regardless of the date of conviction" in the retroactivity provisions, La. R.S. 32:412(I)(5) and La. R.S. 40:1321(J)(3), creates ambiguity as to whether the sex offender identification provisions apply in the context of juvenile delinquency adjudications, the court of appeal, held: (i) the Legislature never intended for juveniles to be subject to these requirements, and (ii) applying these requirements to adjudicated juveniles creates "inherent discord" with other statutory provisions that affect juvenile sex offender registration and notification. *See State in the Interest of K.L.A.*, 2014-153 (La. App. 3 Cir. 6/14/14), 140 So. 3d 889. The court of appeal expressly declined to consider K.L.A.'s constitutional arguments.

The state, through the Office of the Attorney General and the Calcasieu Parish District Attorney, sought a writ of certiorari in this Court, which the Court granted. *State in the Interest of K.L.A.*, 2014-1410 (La. 2/13/15), 158 So. 3d 824. In its merits brief to the Court, citing its obligations and duties as a prosecuting authority, the Attorney General disclosed that the record of the case indicates that K.L.A. may never have been required by law to register as a sex offender. *See Plaquemines Parish Commission Council v. Perez,* 379 So. 2d 1373, 1387 (La.1980) ("[T]he responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict."). We therefore consider below whether this disclosure affects this appeal, and determine that it does. As a result, we also conclude that K.L.A. was not required to obtain a driver's license or state identification that designates his status as a sex offender.

**LAW AND DISCUSSION**

The issue before us is purely one of statutory interpretation: Do La. R.S. 32:412(I) and/or La. R.S. 40:1321(J) require K.L.A. to obtain the special identification required of registered sex offenders?

To answer this question, we must first determine whether K.L.A. was ever required to register by statute as a sex offender. Respecting the general rules of

statutory construction, courts should remember the following axioms. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. *Cat's Meow, Inc. v. City of New Orleans*, 98-0601, p.15 (La. 10/20/98), 720 So. 2d 1186, 1198; *La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 2009-0023, p.8 (La. 6/26/09), 17 So. 3d 350, 355-56. *See also* La. R.S. 24:177(B)(1) ("The text of a law is the best evidence of legislative intent."). When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. R.S. 1:4. *See also* La. C.C. art. 9. The starting point for interpretation of any statute is the language of the statute itself. *See*, *e.g.*, *Cat's Meow*, 98-0601, p.15, 720 So. 2d at 1198; *Timbermen*, 2009-0023, p.8, 17 So. 3d at 356.

In 2012, the Aggravated Incest statute under which K.L.A. was charged – the same statute under which he was adjudicated delinquent – stated, in pertinent part:

> A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
>
> B. The following are prohibited acts under this Section: . . .
>
> (2) Any ***lewd fondling or touching of the person*** of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.

La. R.S. 14:78.1(B)(2) (emphasis added).

In 2012, the sex offender registration requirement at issue stated:

> A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter: . . . .

5

> (3) Any juvenile, who has attained the age of fourteen years at the time of commission of the offense, who has been adjudicated delinquent based upon the perpetration . . . of the following offenses . . .
>
> (f) Aggravated incest involving circumstances defined as an "***aggravated offense***" (La. R.S. 14:78.1).

La. R.S. 15:542(A)(3)(f) (emphasis added).

An "aggravated offense," in turn, was defined as follows:

> Aggravated incest (R.S. 14:78.1) involving ***sexual intercourse, second degree sexual battery, oral sexual battery***, or when prosecuted under the provisions of R.S. 14:78.1(D)(2).[5]

La. R.S. 15:541(2)(j) (emphasis added).

K.L.A. not only was never charged with, but was also never adjudicated delinquent of, a violation of La. R.S. 14:78.1, insofar as it constituted an "aggravated offense" under R.S. 15:542(2)(j). Rather, as explained above, he was charged in paragraph A of the petition with a violation of La. R.S. 14:78.1(B)(2), the "lewd fondling or touching" subsection of La. R.S. 14:78.1. And, as also explained above, this is the same provision of which he was adjudicated delinquent.

Despite the state's failure to build an adequate record to support the plea, the state argues in its merits brief, without citation, that that there was "substantial evidence proving sexual intercourse (specifically anal penetration by K.L.A. upon [] his brother)." The state went so far as to say that evidence "known" to the Attorney General supports the conclusion that K.L.A. "committed an offense requiring sex offender registration." Yet no such evidence exists anywhere in the record of this case, and the Attorney General conceded that evidence of this offense "was not charged or put in this record." It is well-settled that this Court will only decide cases on the record before us. *See* La. C.C.P. art. 2164 ("The appellate court shall render any judgment which is just, legal, and proper upon the

---

[5] 2008 La. Sess. La. Serv. Act 462 (S.B. 517).

record on appeal."); *B.W.S., Jr. v. Livingston Parish Sch. Bd.*, 2006-1981 (La. 8/16/06), 936 So. 2d 181, 182 ("It is well-settled that appellate courts are limited to the record developed in the trial court and are prohibited from receiving new evidence."). We therefore cannot, and do not, consider the evidence that the state simply alleges exists, in briefing and argument, but remains outside of the record itself.[6]

The logical conclusion of this analysis, which the state effectively concedes, is that K.L.A. was never required to register under La. R.S. 15:542(A)(3)(f), which by its very terms only requires registration if the sex offender is convicted of Aggravated Incest "involving" one of the enumerated aggravated offenses. Rather, K.L.A. agreed to register pursuant to his plea agreement.[7]

Now that we have determined K.L.A. was not required to register by law – though, again, we emphasize that he agreed to do so in his plea agreement – we turn to the original issue presented here: Was K.L.A. required to obtain the special identification requirements set forth in La. R.S. 32:412(I) and La. R.S. 40:1321(J)?

Again, we start with the language of the statutes themselves. La. R.S. 32:412(I)(1) states:

> The Louisiana driver's license, regardless of its class, issued to any person who is required to register as a sex offender *pursuant to R.S. 15:542 and R.S. 15:542.1* shall contain a restriction code which declares that the license holder is a sex offender. The secretary of the

---

[6] This error was not solely the fault of the district attorney. K.L.A's attorney represented to the court below that "R.S. 15:542A(3) requires that [K.L.A.] register with law enforcement agencies." And, in the briefing before this Court, his attorneys stated that K.L.A. completed and signed the 884.1 notification "only because the law required sex offender registration as a consequence of the charge admitted." But, as we explain herein, this is incorrect based on the words of the statutes themselves.

[7] We recognize, of course, that a plea agreement is a contract, and in determining the validity of plea agreements, we refer to principles of contract law. *State in the Interest of E.C.*, 2013-2483, p.4 (La. 6/13/14), 141 So. 3d 785, 787; *State v. Lewis*, 539 So. 2d 1199, 1204 (La. 1989). Like any contract, consent of both parties is required to form a valid plea, and that consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. *See also Lewis*, 539 So. 2d at 1204. The record before us does not contain sufficient information to determine whether this plea agreement contains error, fraud, or duress sufficient to vitiate it, and we therefore decline to address that question here. We likewise make no finding that K.L.A. should be required to register going forward, and note that Louisiana law provides a procedure for challenging registration. *See* La. R.S. 15:544.1.

7

Department of Public Safety and Corrections shall comply with the provisions of this Subsection and the driver's license shall include the words "sex offender" which shall be orange in color.

*Id.* (emphasis added).

La. R.S. 40:1321(J)(1) provides similar requirements in regards to mandatory identification cards for registered sex offenders:

Any person required to register as a sex offender with the Louisiana Bureau of Criminal Identification and Information, ***as required by R.S. 15:542 et seq.***, shall obtain a special identification card issued by the Department of Public Safety and Corrections which shall contain a restriction code declaring that the holder is a sex offender.

*Id.* (emphasis added).

These provisions expressly apply to "any person who is required to register as a sex offender ***pursuant to R.S. 15:542 and R.S. 15:542.1***" (R.S. 32:412(I)(1) (emphasis added)), and "any person required to register as a sex offender with the Louisiana Bureau of Criminal Identification and Information, ***as required by R.S. 15:542, et seq.***," (R.S. 40:1321(J)(1) (emphasis added)). But, as explained above, K.L.A. was not required to register as a sex offender "pursuant to" or "as required by" La. R.S. 15:542. Instead, he agreed to comply with the registration laws in accordance with his plea agreement.

Therefore, under the plain language of the identification provisions, K.L.A. is not required to obtain the special identification requirements set forth in La. R.S. 32:412(I) and La. R.S. 40:1321(J) that designate his status as a sex offender. Because we find the words of the statutes to be clear and unambiguous, no further inquiry is necessary. *See Cat's Meow,* 98-0601, p.15, 720 So. 2d at 1198.

We decline to answer the broader question presented by this case, *i.e.,* whether a juvenile who is required to register as a sex offender under La. R.S. 15:542 must comply with the requirements of La. R.S. 32:412(I) and La. R.S. 40:1321(J). Because the record of this case supports the conclusion that K.L.A. is

not required to register *by law* at all, we find that the broader question is not properly before us.

**DECREE**

For the foregoing reasons, the judgments of the district court and the court of appeal are affirmed, solely as to their ruling that K.L.A. himself is not required to comply with the requirements of La. R.S. 32:412(I) and La. R.S. 40:1321(J).

**AFFIRMED.**