STATE OF LOUISIANA IN THE INTEREST OF M.H.

NO. 23-KA-326

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH JUVENILE COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-JU-195, DIVISION "C"
HONORABLE BARRON C. BURMASTER, JUDGE PRESIDING

December 27, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

<u>**AFFIRMED WITH INSTRUCTIONS TO**</u>
<u>**AMEND JUDGMENT OF DISPOSITION**</u>
    **MEJ**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
      Honorable Paul D. Connick, Jr.
      Thomas J. Butler
      Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
M.H.
      C. Gary Wainwright

**JOHNSON, J.**

Appellant, M.H.[1], appeals Jefferson Parish Juvenile Court's January 13, 2023 judgment finding that La. R.S. 14:37.2, Aggravated Assault upon a Peace Officer, was not unconstitutionally void for vagueness. For the following reasons, we affirm the juvenile court's judgment.

### FACTS AND PROCEDURAL HISTORY

On July 5, 2022, a delinquency petition was filed against M.H. The petition listed four offenses: count one - La. R. S. 14:108, Resisting an Officer; count two - La. R. S. 14:95.8, Illegal Possession of a Handgun by a Juvenile; count three - La. R. S. 14:37.2, Aggravated Assault upon a Peace Officer; and count four - La. R. S. 40:966(A), Possession of Marijuana with the Intent to Distribute.[2] Count four, for which there had initially been a finding of no probable cause, was *nolle prossed* on October 5, 2022. On November 16, 2022, MH entered admissions to counts one and two and was placed on probation for those charges. That same day, MH filed a Motion to Dismiss – Due Process Violation – Invalid Statute.

MH's motion to dismiss alleged that the void-for-vagueness doctrine rendered the alleged offense of Aggravated Assault upon a Peace Officer, in violation of La. R.S. 14:37.2, unconstitutional. The Attorney General was properly notified of the constitutional challenge and charged the Jefferson Parish District Attorney's Office with the responsibility of defending the constitutionality of the statute. The juvenile court heard the motion on January 13, 2023.

At the end of the hearing on the constitutional challenge, the juvenile court denied M.H.'s motion. The court stated:

> It is a simple assault. That's as defined in 36, it's a simple assault; but then, they have an aggravating circumstance added on to it. It was a simple assault. Now it's got a simple assault upon a police

---

[1] To maintain the confidentiality of the proceedings, as required by La. Ch.C. art. 412, the initials for the juvenile will be used. *See State in Interest of T.L.*, 17-579 (La. App. 5 Cir. 2/21/18); 240 So.3d 310, 315.

[2] In the petition, annotations identify the four counts as "*", "A", "B", and "C", respectively; the counts are referred to as such in subsequent minute entries.

officer, a peace officer. So that's an aggravating circumstance that rises it, makes it rise to a felony level.

I do think there may be some problems with the construction when you get into the actual sentencing. Maybe it leads to an excessive sentence. I don't think the legislature will be prohibited from saying that it's a felony sentence to commit a simple assault on a police officer is a felony offense. I don't there's [sic] anywhere that would prohibit that from happening.

And I think that's what happened here. Maybe they wanted to put dangerous instrument in there, but on it's [sic] face, I read it, it's unambiguous, it's not vague, it's a standalone charge. That being said, I do believe there are some things that could be corrected in it. I do believe it would be right if somebody's convicted of this and given a felony sentence, maybe it becomes an excessive sentence, maybe it becomes something under article -- you know, Constitutional Amendment Article 8 challenge. But I don't think under this particular argument, it's vague and ambiguous. I do think it's clear what it says.

M.H. timely filed a Notice of Intent to take Supervisory Writs. On March 16, 2023, the State and juvenile court allowed M.H. to enter an admission to count three pursuant to *State v. Crosby*, 338 So.2d 584 (La. 1976). M.H. received a one-year suspended sentence in the custody of the Office of Juvenile Justice (OJJ), and was placed on active probation for eighteen months, to run concurrently with the dispositions for counts one and two. M.H. subsequently filed a Notice of Intent to Perfect *Crosby* Appeal, which the juvenile court granted on March 29, 2023.

## ASSIGNMENTS OF ERROR

MH urges that the trial court erred when it did not find that the questioned statute was unconstitutionally void for vagueness.

M.H. avers that La. R.S. 14:37.2 incorrectly utilizes legal terms of art, and a simple assault cannot be converted to an "aggravated assault" by virtue of the victim's occupation. He contends that an aggravated assault with a dangerous weapon is not an element required to be proven beyond a reasonable doubt under the statute, but the statute is so vague that the prosecutor believed that the use of a dangerous weapon was a required element of the offense. The juvenile asserts that

he did not attempt to commit a battery or intentionally place the officer in reasonable apprehension of receiving a battery. He argues that the statute is unconstitutional and should be declared void.

M.H. further argues that "while there's nothing unclear about the statute, it's absolutely clear that the statute is defective." He maintains that the statute provides for a felony punishment but contains elements of a misdemeanor. He asserts that the offense cannot be distinguished from an attempted simple battery of a police officer, which is a misdemeanor. M.H. avers that the State has to prove a simple assault occurred and not a felony assault, or that there was a weapon. He reiterates that the elements of this offense are the same as a misdemeanor. M.H. argues that the statute is void for vagueness because an offense would constitute both a felony and a misdemeanor at the same time.

The State argues that the language of La. R.S. 14:37.2 clearly provides that any assault committed upon a peace officer who is acting in the course and scope of his duties constitutes the crime of aggravated assault upon a peace officer. The State contends that the statute is not void for vagueness but acknowledges evidence of legislative intent, which suggests that the word "firearm" was removed from the statute in order to expand the prohibition to any "dangerous weapon". However, it asserts that legislative intent is not significant here because the statute is clear and unambiguous on its face. The State explains that the juvenile committed an assault with a dangerous weapon, and therefore, his concern is merely academic. Further, it explains that the Louisiana Supreme Court has on numerous occasions discussed the concept of legislative intent juxtaposed against statutory interpretation. The Court has repeatedly held that the interpretation of a statute begins with the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the

Legislature (citing *State* v. *Skipper,* 04-2137 (La. 6/29/05), 906 So.2d 399, 403; *State* v. *Gutweiler,* 06-2596 (La. 4/8/08), 979 So.2d 469, 476; *State in the Interest of K.L.A.,* 14-1410 (La. 6/30/15), 172 So.3d 601, 605; and *State* v. *Griffin,* 14-1214 (La. 10/14/15), 180 So.3d 1262, 1267).

## *LAW AND DISCUSSION*

The standard of review in determining the constitutionality of a statute, a question of law, is *de novo. State v. Lee*, 22-1827 (La. 9/8/23), 2023 WL 5813836. A *de novo* review means the court will decide the matter after considering the statute at issue, the relevant law, and the record without deference to the legal conclusions of the courts below. *Id*. A statute is presumed constitutional, and the burden of proving a claim of unconstitutionality rests upon the party attacking the statute. *State v. Wise*, 14-378 (La. App. 5 Cir. 10/15/14), 182 So.3d 63, 78, *writ denied*, 14-2406 (La. 9/18/15), 178 So.3d 143 (citing *State v. Interiano*, 03-1760 (La. 2/13/04), 868 So.2d 9, 13).

In determining the constitutionality of a statute, the basic rules of statutory construction must be followed. A statute should be upheld whenever possible. In construing statutes, courts must strive to give an interpretation "that will give them effectiveness and purpose, rather than one which makes them meaningless." *State v. McKey*, 16-270 (La. App. 5 Cir. 5/24/16), 2016 WL 4394074 (unpublished opinion), *writ denied*, 16-1195 (La. 10/10/16), 207 So.3d 405 (citing *State v. Cunningham*, 04-2200 (La. 6/13/05), 903 So.2d 1110, 1116. "It is well established that the task of statutory construction begins with an examination of the language of the statute itself...When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." *State v. Lopez*, 18-158 (La. App. 5 Cir. 5/22/18), 2018 WL 3490858 (unpublished opinion) (quoting *State v. Bedford*, 01-2298 (La. 1/28/03), 838 So.2d 758, 760).

Headings to sections, source notes, and cross references are given for the purpose of convenient reference and do not constitute part of the law. La. R.S. 1:13.

In testing the constitutionality of a statute, the statute "shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. 14:3. A criminal statute requires a genuine construction according to the plain meaning of its language because "courts are not empowered to extend the terms of a criminal provision to cover conduct which is not included within the definition of the crime." *Lopez*, *supra*. Where the words of a statute are clear and free from ambiguity, they are not to be ignored under the pretext of pursuing their spirit. *State v. Shaw*, 06-2467 (La. 11/27/07), 969 So.2d 1233, 1242 (citing La. R.S. 1:4).

The "void-for-vagueness" doctrine provides that a criminal statute must meet two requirements to satisfy due process: (1) adequate notice to individuals that certain contemplated conduct is proscribed; and (2) adequate standards for those charged with determining the guilt or innocence of an accused. *State v. Golston*, 10-2804 (La. 7/1/11), 67 So.3d 452, 463. The purpose of the doctrine is to ensure that a criminal statute does not contain a standard so vague that the public is uncertain as to the proscribed conduct and the factfinder is unfettered by any legally fixed standards as to what is prohibited by the statute. *Id*. A statute is unconstitutionally vague if an ordinary person of reasonable intelligence is not capable of discerning its meaning and conforming his conduct to the dictates of the statute. *State v. Byrd*, 96-2302 (La. 3/13/98), 708 So.2d 401, 408, *cert. denied sub nom. Peltier v. Louisiana*, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998). Broad language is not in itself vague, particularly where it is clear that the

legislature intended to make criminal all acts of a certain kind. *State v. Hair*, 00-2694 (La. 5/15/01), 784 So.2d 1269, 1274.

A party contesting the constitutionality of a statute has a three-tiered burden: 1) the presentation must be made in the trial court; 2) the claim of unconstitutionality must be specially pleaded; and 3) the grounds for the claim must be particularized. *Wise*, 182 So.2d at 78. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. *See State v. Schoening*, 00-903 (La. 10/17/00), 770 So.2d 762, 765. The opportunity to fully brief and argue the constitutional issues provides the trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute. *Id.* at 764.

By La. Acts 2016, No. 225, §1, La. R.S. 14:37.2 was amended from the offense of "Aggravated assault upon a peace officer with a firearm" and reenacted as "Aggravated assault upon a peace officer," removing the element that the offense be committed with a firearm and deleting the definition of "firearm." *State in interest of J.H.*, 22-324 (La. App. 4 Cir. 8/9/22), 2022 WL 3210100, n.8 (unpublished opinion). La. R.S. 14:37.2 now provides as follows:

§ 37.2. Aggravated assault upon a peace officer

A. Aggravated assault upon a peace officer is an assault committed upon a peace officer who is acting in the course and scope of his duties.

B. Whoever commits an aggravated assault upon a peace officer shall be fined not more than five thousand dollars, or imprisoned for not less than one year nor more than ten years, with or without hard labor, or both.

"Assault" is defined in La. R.S. 14:36 as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a

battery." La. R.S. 14:37.2 provides that "aggravated assault" is any "attempt to commit a battery" upon "a peace officer who is acting in the course and scope of his duties", or the "intentional placing" of that peace officer in "reasonable apprehension of receiving a battery". Because the language of the statute is clear and unambiguous on its face, we will not extend our analysis to include speculation regarding legislative intent.

We also pretermit further consideration of the validity of La. R.S. 14:37.2, as no other constitutional grounds to challenge the statute were "specified, briefed, or argued" in the trial court. *See State v. Bertrand*, 08-2215 (La. 3/17/09); 6 So.3d 738, 741 (overruled on other grounds); *Wise*, *supra*. "It is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below." *Id.* at 739.

## *ERRORS PATENT*

The record was reviewed for errors patent. La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).

### Written Judgment of Disposition

Although the record contains a minute entry signed by the judge, the entry does not contain all of the specific information that La. Ch.C. art. 903(D) requires to be considered a written judgment of disposition. The judgment must include the maximum duration of the disposition and contain an order of expungement to be made executory at the end of the disposition in accordance with La. Ch.C. art. 903(B)(6) and (7). *See State in the interest of C.L.*, 53,980 (La. App. 2 Cir. 8/11/21), 326 So.3d 1283, *writ denied*, 21-1340 (La. 11/23/21), 328 So.3d 77, *State in interest of D.R.*, 50,594 (La. App. 2 Cir. 2/24/16), 188 So.3d 1116; and *In re J.D.K., Jr.*, 14-1786 (La. App. 1 Cir. 4/24/15), 2015 WL 1893303 (unpublished opinion).

<u>Credit for Time Served</u>

Review of the record reveals that M.H. did not receive credit for any time served in secure detention prior to the imposition of the disposition as required by La. Ch.C. art. 898(A). Article 898(A) provides in pertinent part, "The court shall give a child credit for time spent in secure detention prior to the imposition of disposition." M.H. is entitled to credit for time served. *See State in interest of C.M.*, 13-128 (La. App. 5 Cir. 10/30/13), 128 So.3d 1118, 1135, *writ denied*, 13-2796 (La. 5/30/14), 140 So.3d 1172; *State v. C.K.*, 05-475 (La. App. 5 Cir. 1/17/06), 922 So.2d 616, 621.

<u>Post-Conviction Relief Notification</u>

The juvenile court failed to advise the juvenile of the two-year prescriptive period for seeking post-conviction relief as mandated by La. C.Cr.P. art. 930.8. By way of this opinion, M.H. is advised that no application for post-conviction relief (APCR), including an application for an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of adjudication and disposition have become final under the provisions of La. C.Cr.P. arts. 914 or 922. *See State in interest of T.W.*, 15-262 (La. App. 5 Cir. 9/23/15), 175 So.3d 504, 513; *State in Interest of A.N.*, 18-1571 (La. 10/22/19); 286 So.3d 969, 975 (stating the legislature has therefore directed through La. Ch.C. art. 803 that the courts impute C.Cr.P. art. 924, *et seq.*, to adjudication proceedings to provide such relief for juveniles).

### *DECREE*

Based on the foregoing, the judgment of the juvenile court finding that La. R.S. 14.37.2 is not unconstitutionally vague is affirmed. The juvenile court is ordered to provide M.H. with a written judgment of disposition, or a signed (amended or additional) minute entry, that complies with the provisions of La. Ch.C. art. 903(B)(6) and (7), which specifically 1) states the maximum duration of

the disposition (until he obtains the age of 21, according to the March 16, 2023 transcript); 2) includes an order or expungement to be made executory at the end of the disposition unless an objection is filed pursuant to La. Ch.C. art. 926 at the end of the disposition; and 3) advises M.H. of the following: a) no application for post-conviction relief (APCR), including an application for an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of adjudication and disposition have become final under the provisions of La. C.Cr.P. arts. 914 or 922; and b) should his probation be revoked and he is ordered to serve his suspended sentence then, pursuant to La. Ch.C. art. 898(A), the juvenile court shall give M.H. "credit for time spent in secure detention prior to the imposition of disposition".

**<u>AFFIRMED WITH INSTRUCTIONS TO
AMEND JUDGMENT OF DISPOSITION</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KA-326**

### E-NOTIFIED
JUVENILE COURT (CLERK)
HON. BARRON C. BURMASTER (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)          DOUGLAS E. RUSHTON, JR. (APPELLEE)          THOMAS J. BUTLER (APPELLEE)
C. GARY WAINWRIGHT (APPELLANT)          GRANT L. WILLIS (APPELLEE)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053