DAVID S. GORBATY, Judge.
| [Plaintiffs/appellants, Gregory Lee Cooper and Deetra F. Cooper, appeal a judgment confirming a jury verdict in favor of defendants, Greyhound Lines, Inc., and Harold Nash. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
On December 17, 2004, Gregory Lee Cooper was a passenger on a Greyhound Lines bus being driven by Harold Nash. According to Mr. Cooper, while driving through Lafayette, Louisiana, Mr. Nash drove the bus over a curb causing Mr. Cooper to incur injuries to his left elbow. According to Mr. Nash, no such incident occurred.
*1287 Following a trial, the jury answered interrogatories. The jury specifically answered “no” to the following interrogatory:
Do you find that an accident occurred on December 17, 2004, while Mr. Cooper was riding a Greyhound bus?
Because the jury answered in the negative, it was not required to answer any further interrogatories. A judgment confirming the jury’s verdict was rendered on September 14, 2006. This appeal followed.
^DISCUSSION:
Attached to appellants’ brief filed in this Court were two exhibits, Exhibit “A,” which consisted of excerpts from a deposition given by Mr. Nash, and Exhibit “B,” allegedly reports of accidents in which Mr. Nash was previously involved. Defendants filed a Motion to Strike these exhibits, and this Court granted the motion finding that the exhibits were not part of the record before this Court. Accordingly, we did not consider these documents while reviewing this appeal.
Appellants make one assignment of error: Did the trial court err in refusing to allow plaintiffs to impeach the bus driver, Harold Nash, regarding his credibility and his past driving record?
Appellants called Mr. Nash to testify during their case-in-chief. The following dialog transpired:
Q. In those 13 years that you had driven a bus for Greyhound, had you been involved in any other accidents during that period?
Mr. Gremillion [counsel for defendants]: Judge, I’m going to object. His history of his work life is not admissible.
The Court: Sustained.
Q. Was there ever a time in your 13 years that another passenger had been hurt on your bus?
Mr. Gremillion: Judge, same objection.
The Court: Sustained.
Counsel for appellants asked no further questions of Mr. Nash concerning his work/accident history, no evidence was introduced, and no evidence was proferred.
Appellants argue that if they had been allowed to impeach Mr. Nash at trial with his previous deposition and his accident history, the jury might have reached a | sdifferent verdict. Unfortunately for appellants, there is no way for this Court to evaluate any such evidence because there is none of record before this Court.
It is well settled that an assignment of error cannot be based upon a ruling that excludes evidence unless a substantial right of a party is affected and the substance of the evidence was made known to the trial court by counsel. La.Code Evid. art. 103 A(2); Hurts v. Woodis, 95-2166 (La.App. 1 Cir. 6/28/96), 676 So.2d 1166, 1175. As noted above, once defense counsel objected to the line of questioning, counsel for appellants made no attempt to introduce or proffer the documents they now want this Court to review. Because that evidence is not properly before this Court, we cannot review same.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.