MEG VINCENT, WIFE OF AND KEITH                    NO. 21-C-232
VINCENT, INDIVIDUALLY AND ON BEHALF
OF THE MINOR CHILDREN, EMMA VINCENT,             FIFTH CIRCUIT
CAMILLE VINCENT, HARRISON VINCENT
AND HUDSON VINCENT                               COURT OF APPEAL

VERSUS                                           STATE OF LOUISIANA

NATIONAL GENERAL INSURANCE
COMPANY, DR. FREDRICK DANTAGNAN ON
BEHALF OF THE MINOR JACQUELINE
DANTAGNAN AND HUDSON INSURANCE
COMPANY

_____ September 21, 2021 _____

Nancy F. Vega
Chief Deputy Clerk

**IN RE** MEG VINCENT, WIFE OF AND KEITH VINCENT, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILDREN, EMMA VINCENT, CAMILLE VINCENT, HARRISON VINCENT AND HUDSON VINCENT

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 782-360

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, Marc E. Johnson, Robert A. Chaisson, and Hans J. Liljeberg

## WRIT GRANTED;JUDGMENT VACATED; REMANDED

Relators-plaintiffs, Meg Vincent, *et al.*, seek review of the trial court's March 26, 2021 ruling that granted the motions *in limine* filed by respondents-defendants, National General Insurance Company and Hudson Specialty Insurance Company. In their motions, defendants sought a ruling "prohibiting plaintiff from introducing any evidence at trial as to the billed amount of the medical specials" and "evidence relating to full medical charges printed on invoices," alleging that "the plaintiff, through a funding company, paid tens of thousands of dollars less than the billed amount in satisfaction of the medical bills." In connection with their motions *in limine*, defendants attached voluminous documents including deposition transcripts and medical records to support their position that plaintiff either did not incur any medical bills or is not responsible to pay any amount over that which defendants allege the treating physicians were already paid by a third-party financing company, Medport.

At the hearing on the motions *in limine*, all counsel referenced various depositions and documents, attached to their memorandums in support of or in

21-C-232

opposition to the motions *in limine*, as well as an alleged contract between Medport and the treating physicians. In considering the arguments, the trial judge referenced "[p]otential ethical issues" surrounding the invoicing or collection of the medical bills for plaintiff Meg Vincent's medical treatment. The trial judge stated that "the whole arrangement in capital letters STINKS" and further found that plaintiff through some agreement "assigned her rights away."

When a motion must be proven, it is the moving party's burden to present evidence establishing the claims made therein. *DePhillips v. Tech. Ins. Co., Inc.*, 19-329 (La. App. 5 Cir. 10/2/19), 2019 WL 4866777, citing *Scheuermann v. Cadillac of Metairie, Inc.*, 11-1149 (La. App. 5 Cir. 5/31/12), 97 So.3d 423, 426 and La. C.C.P. art. 963. Upon review of the documentation attached to this writ application, we find that defendants failed to properly offer, file, and introduce any evidence in support of their motions *in limine*. Evidence not properly and officially offered and introduced cannot be considered, even if it was physically placed in the record. *Denoux v. Vessel Mgmt. Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered. *Id.* Appellate courts are courts of record and may not review evidence that is not in the appellate record or receive new evidence. *Id.* at 88-89. Moreover, it is error for the trial court to consider evidence not properly introduced in rendering its judgment. *Barnes v. Jacob*, 13-596 (La. App. 5 Cir. 12/12/13), 131 So. 3d 363, 364; *Sheffie v. Wal-Mart Louisiana, LLC,* 11-1038 (La. App. 5 Cir. 5/31/12), 92 So.3d 625, 626.

Accordingly, we grant this writ, vacate the trial court's March 26, 2021 judgment on defendants' motions *in limine*, and remand this matter for further proceedings.

Gretna, Louisiana, this 21st day of September, 2021.

**FHW**
**JGG**
**RAC**
**HJL**

2

MEG VINCENT, WIFE OF AND KEITH VINCENT, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILDREN, EMMA VINCENT, CAMILLE VINCENT, HARRISON VINCENT AND HUDSON VINCENT

NO. 21-C-232

FIFTH CIRCUIT

COURT OF APPEAL

VERSUS

STATE OF LOUISIANA

NATIONAL GENERAL INSURANCE COMPANY, DR. FREDRICK DANTAGNAN ON BEHALF OF THE MINOR JACQUELINE DANTAGNAN AND HUDSON INSURANCE COMPANY

**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority disposition in this matter for the following reasons.

Evidentiary rulings are reviewable subject to the provisions of La. C.C.P. art. 1636, which permits a party to preserve evidence which was ruled inadmissible in the trial court. *Lockwood v. Lockwood*, 17-644 (La. App. 5 Cir. 9/19/18); 256 So.3d 406. It is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion was erroneous. *Id. See also*, *S. Marsh Collection, LLC v. State Traditions, LLC*, 17-459 (La. App. 1 Cir. 11/1/17), n. 1, *writ denied*, 17-2013 (La. 2/2/18); 233 So.3d 617. (*See also*, *Cooper v. Greyhound Lines, Inc.*, 06-1655 (La. App. 4 Cir. 6/20/07); 961 So.2d 1286, 1287, where the appellate court found that it could not properly review the excluded evidence because the plaintiffs made no attempt to introduce or proffer the complained-of evidence.)

In this matter, the trial court granted motions *in limine* filed by Respondents, National General Insurance Company and Hudson Specialty Insurance Company. The rulings excluded the introduction of Mrs. Vincent's medical invoices in the full amounts and the affidavit of Kenneth Fust, and they limited the evidence to the introduction of medical expenses "actually paid to her healthcare providers by third party funding/factoring companies." However, neither party introduced

evidence during the motion *in limine* portion of the hearing nor did they proffer any evidence. Because Mrs. Vincent failed to proffer the medical invoices containing the full amounts or Kenneth Fust's affidavit, according to the above-mentioned jurisprudence, she cannot now complain that such exclusions were in error.

Additionally, if the merits of the writ application were considered, it would be shown that the trial court was presented with a purely legal issue that could have determined the motion *in limine*: whether the collateral source rule prohibits Mrs. Vincent from presenting evidence of the full amounts of her medical bills at trial? The trial court (and this Court) could have directly addressed that issue without considering any evidence. Thus, I find that *DePhillips v. Tech. Ins. Co., Inc.*, 19-329 (La. App. 5 Cir. 10/2/19); 2019 WL 4866777, and *Denoux v. Vessel Mgmt. Services, Inc.,* 07-2143 (La. 5/21/08); 983 So.2d 84, 88, are inapplicable to the motion *in limine*-at-issue.

For the foregoing reasons, I dissent.

**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/21/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-232**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Vanessa Motta (Relator)
Leigh Ann Tschirn Schell (Respondent)

### MAILED

Peter M. Donovan (Respondent)
Attorney at Law
4640 Rye Street
Suite 100
Metairie, LA 70006

Edwin C. Laizer (Respondent)
Christopher A. D'Amour (Respondent)
Kyle L. Potts (Respondent)
Attorney at Law
701 Poydras Street
Suite 4500
New Orleans, LA 70139